## JUDSON v. ATWILL.

Where there is a misdescription of a note, and a want of specification of the name of the real owner, or of any averment that his name is unknown, in the schedule of an insolvent, the proceedings in insolvency are no bar to a suit on the note, even if the insolvent did not know that the plaintiff was the real creditor.

The requirements of the Insolvent Law must be strictly followed; a failure to comply with its provisions, will deprive the petitioner of its benefits.

If an insolvent does not know the name of the owner of notes executed by him, he must state that circumstance in his schedule. In a suit on the notes, the absence of such statement can not be obviated by proof at the trial.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This action was brought on four several promissory notes, executed by the defendant. The notes are payable to the "order of E. Judson," but are described in the schedule of debts and liabilities, annexed to the defendant's petition in insolvency, as drawn in "favor of Mr. Farnum," without further particulars. On the trial, evidence was introduced, tending to prove the delivery of the notes to Farnum, as agent of the plaintiff, and ignorance of the real creditor, by the defendant, when the notes were executed, and when his petition in insolvency was presented. The Court instructed the jury, that by reason of the misdescription of the notes, and want of specification of the name of the real creditor, the proceedings in insolvency constituted no bar to the action, even if they believed the defendant did not know, at the time of their execution, and on the presentation of his petition, that the plaintiff was the real creditor; and this instruction the plaintiff assigns as error.

*Janes, Lake & Boyd,* for Appellant.

1. The decree of discharge of appellant in insolvency, made in the Fourth District Court, was a bar to the action. Wood's Digest, 499, § 24.

2. The question whether appellant knew, at the time of contracting the debt, and at the time of presenting his petition in insolvency, to whom said notes were made payable, or to whom they belonged, should have been submitted to and been passed upon by the jury.

*R. R. Provines* for Respondent.

The judgment of the District Court is correct, and the record discloses no error of which the appellant can complain. His discharge in insolvency was properly rejected, when offered in evidence by him :

1. Because the plaintiff was not named as one of insolvent's creditors in the schedule accompanying the petition on which such discharge was obtained.

2. Because the notes on which this action was brought, were not described in said schedule.

3. Because, if insolvent was in fact ignorant of the name of the holder or payee of said notes, the fact of such ignorance was not stated in his said schedule.

4. Because the notes mentioned in the schedule, which the defendant on the trial claimed to be intended for the notes sued on herein, were described as made payable to another person, who was not shown ever to have been, and who never in fact was the holder of these notes in any sense, or for any purpose whatever; and such description, instead of apprising the plaintiff that the insolvent sought to be discharged from his demands against him, tended only to deceive him, and lull him to security aud indifference.    McAllister *v.* Strode & Beard, 7 Cal. R., 428, and the cases there cited.

FIELD, J., after stating the facts of the case, delivered the opinion of the Court—TERRY, C. J., and BURNETT, J., concurring.

The third section of the Insolvent Act requires the petitioner to give, in his schedule, "the names of his creditors, if known ;" and the twenty-fourth section restricts his release and discharge to debts and liabilities specified in the schedule.    The requirements of the act must be strictly followed ; a failure to comply with its provisions will deprive the petitioner of its benefit. (Cheever *v.* Hays, 3 Cal.; McAllister *v.* Strode et al., 7 Cal.)    In the case at bar, the schedule does not give the name of the plaintiff as a creditor, nor does it state that the defendant was ignorant of the name of the owner of the notes.    If the petitioner did not know the name of the owner, that circumstance should have been stated in his schedule.    The absence of such state-

ment can not be obviated by proof at the trial.   The creditor looks for information to the proceedings of the insolvent on file, and if, in the schedule, he finds his name omitted, or the debt to him so incorrectly described as to leave him in ignorance whether intended to be set forth at all, he ceases to interest himself in the proceedings, and, perhaps, to contest the petition.   The knowledge or ignorance of the petitioner, in the absence from the schedule of all statement as to his knowledge of the owner of the notes, could not affect the right of the plaintiff to recover.

The instruction of the Court was correct, and the judgment is affirmed.