# JOSHUA COLLINS *et al.*

*v.*

# WILLIAM SINCLAIR *et al.*

1. ASSESSMENT OF DAMAGES *on dissolution of an injunction—of the proper measure thereof.* Upon a suggestion of damages on the dissolution of an injunction, the assessment should rest upon equitable grounds, and should not exceed the damages actually sustained.

2. So, where a lessee of premises sued out an injunction against a prior lessee of the same premises, whose term had expired, to prevent him from harvesting a crop of rye which he had sown while he was in possession, and the complainant harvested the rye himself, the court, upon the hearing, properly found that two-thirds of the rye belonged to the defendant, and dissolved the injunction: *Held,* that upon a suggestion of damages, the court, in ascertaining the value of the two-thirds of the rye, should allow the expense of harvesting the entire crop, which the defendant would have had to pay.

3. SAME—*allowance of attorney's fees.* Upon an assessment of damages in such a case, which involved only two-thirds of twenty acres of rye, and attended with no special difficulty or unusual litigation, the sum of $176.00 was considered unreasonable as an attorney's fee, for a single lawyer or firm, to be allowed to the defendant.

4. Nor can the defendant in an injunction be permitted to lay the foundation for large damages against the complainant, by employing an unnecessary number of counsel.

5. SAME—*allowing defendant's own expenses.* Neither are the defendant's own expenses a proper subject of allowance upon such an assessment.

APPEAL from the Circuit Court of Grundy county; the Hon. JOSIAH McROBERTS, Judge, presiding.

The facts in this case are sufficiently stated in the opinion of the court.

Mr. J. N. READING, for the appellants.

Messrs. OLIN & ARMSTONG, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In 1865, one Southwick leased to the appellee, Sinclair, a farm in Grundy county, the lease running from March 1, 1865, to March 1, 1866, and the rent being one-third of the crops. In September, 1865, Sinclair sowed about twenty acres of rye. In the spring of 1866, Southwick leased the farm, at a cash rent, to the appellant Collins, and Sinclair, on demand, yielded to him the possession. In July, 1866, Sinclair re-entered upon the premises for the purpose of harvesting the rye, when Collins obtained an injunction forbidding him, and harvested the rye himself. On the final hearing the court dissolved the injunction, and upon a suggestion of damages gave judgment against Collins for $534.26. Collins appealed.

It is claimed by Sinclair, that he sowed the rye by the express permission of Southwick's agent, and with the understanding that he could harvest it whether he kept the farm another year or not. On this point the evidence is contradictory. Southwick was a non-resident, and he seems to have had two agents in the county, one of whom was Gould, who swears, however, he was only agent for selling, and the other was Sanford, who testifies he had power to lease only under the directions of Southwick. It is clear, however, from all the evidence, that the control of the land was so far entrusted to these two witnesses, that third persons might safely deal with them. Gould substantially admits he authorized Sinclair to sow the rye. Sanford denies that he ever gave such permission, while Sinclair and his daughter swear he did. Collins knew, when he rented the farm, that the rye was there, as it was green in November, and, as one of the witnesses testifies, could be seen in the spring a distance of half a mile. He did not rent until the first of March. It is not pretended that Collins, when he leased, made any special contract for the rye, or that Southwick pretended to own it, or to sell it to him. He must have known that Southwick was a non-resident; that Sinclair had sown the rye, and that he could only

330      COLLINS *et al. v.* SINCLAIR *et al.*     [Sept. T.,

Opinion of the Court.

have sown it under some arrangement which he supposed would give him the right to reap it. He had himself not bought the rye from Southwick, who, if it had been sown under a mistake, could have honestly claimed only one-third as landlord, and, doubtless, if it had been made the subject of contract between himself and Collins, when the lease was made, would have sold only one-third. Collins, in short, in suing out this injunction, was endeavoring to avail himself of the legal advantage which he supposed his lease gave him, and to reap where he had not sown. The circuit court, in finding that two-thirds of the rye belonged to Sinclair, found according to the substantial justice of the case, and the evidence in regard to the agreement for sowing the rye being contradictory, we are not inclined to reverse that portion of the decree.

We are, however, of opinion that the court assessed the damages at too large a sum. Whatever might be the rule if this were an action of trespass brought by Sinclair against Collins, in this proceeding the damages for suing out the injunction should rest upon equitable grounds, and should not exceed the damages actually sustained. The court, therefore, in ascertaining the value of the two-thirds of the rye claimed by Sinclair, should have allowed the expense of harvesting the entire crop, which he would have had to pay.

The court also allowed $176.00 attorney's fees. This would be an unreasonable fee, for a single lawyer or firm, in a case involving only two-thirds of twenty acres of rye, and attended with no special difficulty or unusual litigation; but it is defended by appellees' counsel, on the ground that three different counsel were employed. This, however, does not affect the question. The defendant, in an injunction, can not be permitted to lay the foundation for large damages against the complainant by employing an unnecessary number of counsel.

The court also allowed fifty dollars to the appellee for his own expenses. This was an improper allowance. For these

errors in the assessment of damages the decree must be reversed and the cause remanded.

*Decree reversed.*