[No. 2,764.]

EMELINE B. RYCRAFT *v.* JOSEPH H. RYCRAFT.

NEGLECT AS GROUND FOR DIVORCE.—Where the wife's earnings are sufficient for her support, and they are not interfered with by the husband, the neglect of the husband to provide the common necessaries of life for the wife is not sufficient ground for a divorce, although the husband be a good workman and able to earn enough to support the wife.

APPEAL FROM JUDGMENT.—The sufficiency of the evidence will not be considered on an appeal from the judgment alone.

APPEAL from the District Court of the Fourth Judicial District, City and County of San Francisco.

The plaintiff and defendant were married, and lived together fifteen months. The defendant worked at his trade as carpenter, earning from four to five dollars per day, but furnished nothing for the support of the family. The plaintiff owned a house and three acres of land, upon which the family lived, and by keeping boarders and selling milk and eggs she supported the family. At the commencement of this suit the defendant had been absent from the plaintiff twenty-two months, and had not been heard from by her during that time. The summons was served by publication, and there was no appearance by the defendant. The testimony was taken by a referee, and, upon consideration of it, the Court rendered judgment for the defendant. The appeal is from the judgment.

J. B. Hart, for Appellant, argued that, under the amendment to the divorce law made at the session of 1869–70, a failure on the part of the husband to provide his wife with the common necessaries of life is a substantial ground of divorce which nothing but sickness will excuse. The case of Washburn v. Washburn, 9 Cal. 477, having been decided under the law before it was amended, is not applicable.

By the Court, TEMPLE, J.:

Action for divorce by the wife, on the ground of willful neglect on the part of the husband to provide the common necessaries of life.

The evidence shows that the wife owned some property and carried on business by which she earned sufficient for her support. The only evidence of ability to provide the common necessaries of life on the part of the husband is that he is a good workman and might earn enough for that

purpose. The defendant has never interfered with the plaintiff in the disposition of the moneys earned by her, and, as these were sufficient for her support, the action must fail. (*Washburn* v. *Washburn*, 9 Cal. 477.) If this were otherwise, we could not consider the sufficiency of the evidence on the appeal from the judgment.

Judgment affirmed.