ALLPORT, appellant, *v.* KELLEY, respondent.

APPEAL FROM "JUDGMENTS" AND ORDERS — *review of evidence.* At the April term, 1875, A. recovered a judgment against K. for $1, and K. recovered a judgment against A. for the costs. A.'s motion for a new trial was refused May 10, 1875. A. filed his notice of appeal July 5, 1875, and appealed from the "judgments" rendered in the action at said term. A. did not appeal from the order refusing the motion for a new trial. *Held*, that the appeal from the "judgments" does not embrace an appeal from the order refusing the new trial. *Held*, also, that this court cannot review any question of fact when there is no appeal from an order granting or refusing a new trial.

PRACTICE — *denial — agreement of counsel.* An agreement in open court that a cause pending shall be tried on the general denial in the answer to every material allegation in the complaint, precludes a party from objecting to the sufficiency of such denial and the introduction of testimony thereunder. If such denial was deemed insufficient it was the duty of counsel to have demurred thereto. If the answer was defective it was cured by the agreement.

MEASURE OF DAMAGES — *injunction — undertaking — attorney fees.* In a suit on an undertaking given to procure a temporary injunction, the merits of which were never tried, no recovery could be had for attorney fees expended in the main suit to determine the title to the waters in dispute, and evidence offered for such purpose was properly excluded. The case of *Campbell* v. *Metcalf*, 1 Mon. 381, affirmed and applied.

*Appeal from Second District, Deer Lodge County.*

J. C. ROBINSON, for appellant.

CLAGETT & DIXON, for respondents.

The case was heard upon certain objections to the assignment of errors.

BLAKE, J. This case is before us upon the objections of the respondents to the right of the appellant to be heard on any errors assigned in the transcript, on the ground that the evidence is insufficient to support the findings of facts by the court below. The cause was tried by the court without a jury, and two judgments were rendered, April 22, 1875. The appellant recovered $1 as

damages, and the costs of the action were taxed against him. The appellant filed specifications of the grounds of his motion for a new trial April 27, 1875. On May 10, 1875, the motion was heard and refused, and the appellant filed his statement on appeal May 26, 1875. The notice of appeal was filed July 5, 1875, and states that the appellant "appeals from the judgments rendered in said cause at the April term of said court, 1875, to the supreme court" of this Territory. There is no statement or bill of excep tions containing the evidence on the motion for a new trial, and no appeal has been taken from the order refusing the motion for a new trial.

The appellant contends that the order of the court refusing his motion for a new trial is a judgment, and can be reviewed by this court under his appeal from the judgments rendered at the April term, 1875. The statutes define with certainty the terms "order" and "judgment," and point out the distinction between them. "A judgment is the final determination of the rights of the parties in the action or proceedings." Civ. Pr. Act, § 180. Section 380 of the Civil Practice Act provides that "an appeal may be taken to the supreme court from the district courts in the following cases: First. From a final judgment entered in an action or special proceeding. * * * * Second. From an order granting or refusing a new trial." Section 369 says that an appeal may be taken from a "final judgment" within one year after its rendition, and from "an order granting or refusing a new trial," within sixty days after the same is made and entered in the minutes of the court. If the views of the appellant are sound, a party who appeals from a judgment nearly but within a year after its rendition, thereby appeals from an order granting or refusing a new trial, although the statute requires the appeal to be taken from the order within sixty days after the same has been made and entered. An appeal from the judgments rendered in the court below does not authorize us to review the order refusing a new trial.

This court cannot review any question of fact if there is no ap peal from an order granting or refusing a motion for a new trial. *Harris* v. *S. F. S. R. Co.*, 41 Cal. 393. The courts of California have decided, under the same provision of the Civil Practice Act,

that a statement on appeal " is intended solely for the purpose of bringing up alleged errors of law." The facts stated in the findings of the court must be regarded as true, and we cannot consider on this appeal the insufficiency of the evidence to support the findings. *Rycraft* v. *Rycraft,* 42 Cal. 444 ; *Stockton* v. *Creanor,* 45 id. 247; *Gates* v. *Salmon,* 46 id. 361.

The case was then heard on its merits.

Wade, C. J. This action was brought, upon an undertaking executed by these defendants to the plaintiff, to procure a temporary restraining order in the case of *Stewart et al.* against him which was an action to have adjudicated the title and the right to the use and possession of certain waters of Peterson creek, Deer Lodge county, and for a perpetual injunction to enjoin Allport, this plaintiff, from the use or diversion thereof. There was a trial of the case to a jury, and verdict and judgment in favor of Allport, and a dissolution of the restraining order. Hence the present action.

The answer contains specific denials of certain averments of the complaint, then a general denial of every material allegation not specifically denied, and certain new matter. There was a motion to strike out the new matter in the answer, and also a motion to compel the defendants to elect whether they would rely upon the specific denials or the general denial. Then the following agreement was made, in open court, between the counsel of the plaintiff and defendants, and entered upon the records thereof and made a part of the transcript :

" By agreement of counsel, in open court, the former order herein, that the cause should be tried upon the specific denials in defendants' answer, is set aside, and it is agreed that the cause shall be tried upon the general denial in said answer, and the specific denials therein be stricken out."

On the trial the plaintiff objected to the sufficiency of the general denial, and to the introduction of any evidence thereunder, upon the ground that such denial did not put in issue any matter contained in the complaint. This objection was overruled, and this action of the court is one of the errors complained of by the appellant.

The objection was properly overruled. If there was any defect in the form of the denial, it was a technical one, and should have been taken advantage of by demurrer for uncertainty. But however objectionable the answer might have been, its defects were cured and waived by the agreement that the cause be tried upon such answer. It often occurs that a case is tried in the absence of some formal averment in the pleadings necessary to form an issue, upon stipulation between the parties in open court, that such averment may be supplied during or after the trial, and after such stipulation it is too late to object to the pleadings, because of such formal defect. And so in this case, after the agreement had been made and acted on by respondents, it was too late for the appellant to object to the sufficiency of the answer. Such agreement is a waiver of the objection.

The second question presented relates to the measure of damages upon the undertaking sued on. Does it extend to the recovery of attorney's fees, in defending the action before a jury upon its final trial? The restraining order was issued upon the condition that this undertaking be given. What were the liabilities created thereby? Security for such damages as the defendant in that action might sustain, by reason of the order, if the same was wrongfully obtained. The plaintiff here never saw fit to test the question, as to the propriety of issuing the order. He did not attempt to procure its dissolution, but suffered the same to remain in force until the cause was tried, upon its merits, in court, when there was a judgment for defendant, and, as a necessary consequence, the restraining order was dissolved.

On the trial the plaintiff offered to prove, as a part of the damages contemplated in and secured by the undertaking, the necessary attorney's fees in defending the action upon its final trial before a jury, which testimony was excluded. An examination of the issues in that case will show that the object and purpose of the action were to ascertain whether the plaintiff or defendants were entitled to the ownership of the waters in question. The issue was one of title and the right of possession, and the purpose of the trial was to determine and adjudicate the right and the title, and was not for the dissolution of the restraining order.

The proper place to have tried the propriety of that order was

before the judge or court, and not before a jury. But the defendant never asked to have the order dissolved, and permitted it to remain in force until it fell and became inoperative, by virtue of the trial before the jury. No attorney's fees were ever incurred or paid, to procure a dissolution of the order. Indeed, the defendant agreed to the issuance of the order, and never asked for its dissolution until it became inoperative, by virtue of the judgment in the main case.

The sureties upon the undertaking did not promise directly or indirectly, or by any torture of language, to pay the necessary costs and expenses of determining the title to the waters in question, or the propriety of a perpetual injunction. They simply promised to pay the damages resulting to the defendant, by reason of the restraining order, if it should be determined that the plaintiffs were not entitled thereto. No such determination was ever had, no attorney's fees were ever expended in that behalf, the order was acquiesced in without complaint until it became inoperative by the adjudication of other questions and other issues.

This court has already decided the question here presented, in the case of *Campbell* v. *Metcalf*, 1 Mon. 381, and we see no reason for reversing or modifying that decision.

In that case the court says: "The attorney fees and expenses in the action between respondents and Rankin, in determining the title to mining ground, were not properly chargeable as damages for the dissolution of the injunction. If any portion of these attorney fees and expenses were paid for that purpose, it devolved upon respondent to show what portion. As they failed to do this, the jury were not warranted in finding any damages on account of them."

*Judgment affirmed.*