FREDERICK W. HOTCHKISS, APPELLANT, v. JOHN H. PLATT, ASSIGNEE IN BANKRUPTCY OF CLEMENTINA T. RICHARDSON, BANKRUPT, IMPLEADED WITH OTHERS, RESPONDENT.

*Injunction — damages caused by — what allowable as — Bad management of receiver — Counsel fee — Injury to business.*

In proceedings to ascertain the damage resulting from the granting of an injunction, damages directly caused by the act of divesting the enjoined party of his property and putting it in the hands of a receiver are allowable, but not such as flow from the bad management of the receiver afterwards.

Counsel fees on the trial of the action in which the injunction was granted are not allowable as damages, without evidence that the expense of the trial was increased by the injunction.

An allowance made by the court to the receiver in managing the property is not allowable as damages, when the sum so paid is no greater than the defendant, who did not manage the property before the receivership, but employed another person to do it, would have paid for similar services if no receiver had been appointed.

Any loss of property or diminution of profits occurring in consequence of the change in the custody and control of defendant's goods or stoppage of defendant's business is allowable.

APPEAL from an order made at Special Term, confirming the report of a referee appointed to ascertain the damages sustained by the defendant Richardson, by reason of an order of injunction granted in said action.

In January, 1871, the plaintiff brought an action against Clementina T. Richardson and others, the said Clementina then carrying on the business of selling carpets and furniture at the corner of Hudson and Canal streets, New York city, and on the 2d day of February, 1871, an order was obtained in the action appointing a receiver of the property, the order containing an injunction against the said Clementina and others, forbidding them to interfere or dispose of their property. This injunction continued until February 1, 1872, when judgment was entered dismissing the complaint, which judgment was affirmed at General Term, October 31, 1873, and on the 25th day of January, 1875, a reference was ordered to ascertain the damages sustained by reason of the injunction. The injunction stopped collections and payments and forced Clementina T. Richardson into bankruptcy. The undertaking on the injunction was not signed by the plaintiff but by John Q. Clark and Frederick S. Wells, as obligors, and the receiver filed a separate bond as such. The referee did not allow damages for the bankruptcy. He allowed :

First, $2,400 for part of the expense of the receivership.

Second, $350 for counsel fees on the trial of the action.

Third, $350 to each of two counsel, or $700 counsel fees on the reference.

Fourth, $300 referee's fees.

Fifth, $2,882.25, the amount of the assets of said defendant Clementina T. Richardson, lost by reason of the inability of the receiver and his failure to collect the same, and which failure was occasioned by the inability of the defendant to conduct her own business by reason of the injunction therein.

Making a total of $6,632.25, from all of which allowances, excepting the referee's fees, the obligors in the undertaking on the injunction appealed.

*Thomas H. Hubbard*, for the appellant.

*Austin G. Fox* and *Waldo Hutchins*, for the respondent.

GILBERT, J.:

The damages to which a party who has been injured by the granting of an injunction, is entitled, are only such as have resulted directly from the injunction. (2 Wait's Pr., 124.) Remote damages are excluded by the very terms of the undertaking, which are that the plaintiff will pay to the defendant "such damages as he may sustain by reason of the said injunction," and also by the general rules of law governing the assessment of damages in analogous cases.

In this case the injunction is contained in the order appointing the receiver, which is dated February 2d, 1871. No motion to vacate it appears to have been made, but the order mentioned required the defendants to show cause on a day specified therein, why the receivership and the injunction should not be continued. Nothing seems to have been done under this branch of the order. On the 18th of February, 1871, the action was referred, by mutual consent, to a referee, to hear and determine the same. The receiver took possession on the same day he was appointed, viz.: February 2d, 1871, and such receivership continued until the termination of the action.

The receivers that were successively appointed gave bonds for the faithful discharge of their duties. It cannot be claimed, we think, that damages, sustained in consequence of the negligence or want of fidelity of the receivers are allowable, for the reason that they are not, in any sense, attributable to the injunction, and the further reason that other security was taken therefor. The damages directly caused by the act of divesting the defendant of her property and putting it in the hands of a receiver may be allowed, but not such as flowed from the bad management of the receivers afterward.

Applying these principles, we will now look at the report of the referee in detail.

1. The allowance of part of the counsel fees incurred in the trial of the action, was improper. There is no evidence that the expense of the trial was, in any manner, increased by the injunction, and without such evidence they were not allowable. (*Hovey* v. *Rubber Tip Co.*, 12 Abb. [N. S.], 360; S. C., 50 N. Y., 335; *Allen* v. *Brown*, 5 Lans., 514.)

2. The item of $2,400, awarded by the court to the receiver

Andrews, was, I think, improperly allowed. That expense was incurred for services rendered in the preservation and management of the property, and, as the evidence shows, amounts to a less sum than the defendant would have paid for similar services if no receiver had been appointed. The defendant did not manage the business herself before the receivership, but employed another person to do it for her. Payments made to the receiver instead of the defendant's employe, if they did not subject her to increased expense, certainly do not constitute damages caused by the injunction. If such employe had been the receiver no one would contend that payments to him for his services in taking care of the property and conducting the business, not in excess of the compensation which the defendant had agreed to pay him would be an element of damages, and we think the employment of another person to do the same service does not warrant the application of a different rule. If any loss of property or diminution of profits has occurred in consequence of the change in the custody and control of the defendant's goods or effects, or the stoppage of her business, either would form a proper element of damages, but not mere expenses which she must have incurred if no such change had been ordered.

3. The referee has found that a loss of property occurred in consequence of the injunction, amounting to $2,882.25. There is evidence to support this finding, and we are not disposed to weigh it in nice balances for the purpose of relieving parties who have become liable for the consequences of an illegal interference with the property of another. That item, therefore, will be allowed.

4. Only one counsel fee can be allowed for services on the reference to ascertain the damages. A party cannot lay the foundation of a claim for damages by employing a greater number of counsel than was necessary. (*Collins* v. *Sinclair*, 51 Ill., 328.) The allowance is too large for one counsel, and nothing appears justifying the inference that more than one was necessary.

The order appealed from must be modified so as to reduce the amount allowed for damages to $3,532.25, and as so modified it is affirmed, without costs to either party.

Barnard, P. J., and Dykman, J., concurred.

Order modified in accordance with opinion of Justice Gilbert.