Kittle v. De Lamater.

ROBERT KITTLE AND JOHN A. SMILEY, PLAINTIFFS IN ERROR, v. RILEY DE LAMATER AND THOMAS TURNER, DEFENDANTS IN ERROR.

**Attorney's Fees:** INJUNCTION. K. obtained a temporary order of injunction against D. for a certain period of time, upon executing a bond with surety in the sum of $500. No steps were taken to dissolve this injunction, and no counsel appeared for D. until the order had expired by operation of law, when counsel appeared for D., and resisted an application for another order, which was allowed upon the deposit of a certain sum of money by K., and afterwards dissolved: *Held*, that D. cannot recover damages for the alleged payment of attorney's fees, in an action on the bond given upon the allowance of the first order.

ERROR to the district court for Dodge county. Tried below before POST, J. The case is stated in the opinion.

*Marlow & Munger*, for plaintiff in error, cited Revised Statutes U. S., 173. *Bein v. Heath*, 12 How., 168. *Oelrichs v. Spain*, 15 Wall., 211. 16 Albany Law Journal, ———.

*N. H. Bell*, for defendants in error, cited *Noble v. Arnold*, 23 O. S., 264. *Corcoran v. Judson*, 24 N. Y., 106. *Edwards v. Bodine*, 11 Paige, 223. *Behrens v. McKenzie*, 23 Iowa, 333. *Langworth v. McKelvey*, 25 Iowa, 48. *Thaie v. Quan*, 3 Cal., 216. *Prader v. Grim*, 13 Cal., 585. *Morris v. Price*, 2 Blackf., 457. *Derry Bank v. Heath*, 45 N. H., 524. *Ryan v. Anderson*, 25 Ill., 372. *Garret v. Logan*, 19 Ala., 344.

GANTT, CH. J.

This is an action upon an injunction bond, to recover attorney's fees alleged to have been expended in defending the suit in equity, and in procuring a dissolution of the order of injunction.

It appears from the record that the defendant in error,

R. De Lamater, had recovered a judgment against plaintiff in error, R. Kittle, in the district court of Dodge county, and that execution was issued thereon, and placed in the hands of defendant, Turner, sheriff of the county; that some time afterwards Kittle commenced suit in equity, in the same court, to enjoin the collection of this judgment. On the nineteenth of June, 1875, Kittle procured the cause to be transferred to the U. S. circuit court, and on the twenty-first of the same month the circuit court made an order as follows : " Temporary injunction allowed to remain in force until the twentieth day of July, 1875, and until modified or dissolved by proper authority, complainant first to give bond in the sum of five hundred dollars in the usual form ; notice of time and place of hearing motion for renewal or continuance of injunction to be given to respondents five days before the time of hearing the same." The next proceeding in the circuit court was on the 18th day of December, 1875, and is as follows : " This cause came on to be heard on the motion of the complainant for a temporary injunction herein, and was argued by counsel of the respective parties. Whereupon it was ordered by the court, that a temporary injunction be allowed, as prayed for by said complainant, until the further order of the court, upon said complainant depositing with the clerk of the district court for Dodge county, Neb., the sum of twenty dollars, as security for the payment of the costs of re-advertising the sale of the property in question, should the injunction be dissolved." And on the first of February, 1876, the circuit court made an order remanding the cause to the " district court of Dodge county, Neb., for want of jurisdiction on the part of the court to proceed herein. The temporary injunction heretofore allowed in the case is hereby dissolved."

The defendant in error, in his petition in this case, in the court below, says that " said temporary order of in-

junction expired by lapse of time and operation of law;" and N. H. Bell, attorney for defendants, testifies that "under the law it expired as provided by law;" that upon a notice given by plaintiff "that the injunction was to be heard in open court, on the twentieth of July, 1875," he went to Omaha, and some days thereafter he "resisted a further continuance of the injunction, and it was argued by Mr. Kittle on the one side and Judge Savage and myself on the other, before Judge Dundy. Judge Dundy took it under advisement and held it until the next term of the circuit court."

Now, from the petition and this evidence, it seems clear that the only question argued in July was Kittle's motion for another order of injunction, which was taken under advisement by the Judge, and decided on the eighteenth of December, as shown by the court record. It is therefore evident that no steps were taken to dissolve the first order, and that defendant incurred no expense for attorney's fees in regard to that order. The bond was given upon the allowance of this first order, and the obligors can be liable only for damages incurred under that order; and hence, as no attorney's fees were incurred by defendants by the allowance of that first order, there certainly is no liability on the bond for such damages ; and therefore the defendants failed to prove any cause of action.

It is not necessary, under the pleadings in this case, to consider whether the defendants suffered any damage by reason of the allowance of the second order of injunction, or what effect the remandment of the case to the district court of Dodge county by the circuit court, for want of jurisdiction, has upon the rights and liabilities of the parties in respect to the allowance of the second order. But for the reasons given in this opinion, the judgment of the district court must be reversed and the cause be remanded.

REVERSED AND REMANDED.