MILTON L. TRESTER ET AL. V. HANNAH PIKE.

FILED SEPTEMBER 19, 1900. No. 9,266.

1. **Temporary Restraining Order:** UNDERTAKING: RECOVERY OF ATTORNEY'S FEES. The obligors on an undertaking given to secure a temporary restraining order wrongfully issued in an action are not liable for expenses for attorney's fees incurred in the trial of the main issues involved in the case.

2. ———: ANCILLARY ONLY. A restraining order is in aid only, and not a part of the main action; its office is only to hold matters *in statu quo* for the time being, and until parties can be heard as to the propriety of issuing a temporary injunction.

3. **Damages.** Damages for the wrongful obtaining and issuance of a temporary restraining order are confined to just and adequate compensation for the actual loss, which is the natural and proximate result of the restraint imposed.

4. **Attorney's Fees.** A restraining order not being one of the main issues of a case, damages in the way of attorney's fees for its wrongful issuance are limited to the expenses incurred in securing its dissolution, as distinguished from such expenses incurred in the trial of the principal issues involved.

5. ———. It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorney's fees for the trial of a case are proper to be allowed as damages caused by an injunction wrongfully issued.

6. ———. A recovery of counsel fees for the trial of a case will not be allowed as an element of damages for an injunction wrongfully obtained, if the injunction proceedings be only auxiliary to the main case.

7. ———: INSTRUCTIONS. Instruction in this case, authorizing a recovery as an element of damages for expenses incurred for attorney's fees on the trial of the main case, *held* erroneous.

8. ———: REMITTITUR. The evidence as to the amount of such attorney's fees, being without conflict, uncontradicted, and for one specified sum, *held*, that a remittitur of such excessive sum might properly be allowed.

9. **Liability**: PRINCIPAL AND SURETY. Where, in an action on an undertaking given to secure the issuance of a restraining order, under the pleadings and proof, the liability of two defendants is that of principal and surety, it is error to render judgment against both defendants as principal; such judgment should be rendered in conformity with the provisions of section 511 of the Code of Civil Procedure.

ERROR to the district court for Lancaster county. Tried below before HALL, J. *Reversed.*

*Wolfenbarger & Williams,* for plaintiffs in error.

*George E. Hibner, contra.*

HOLCOMB, J.

Proceedings in the nature of a creditor's bill were instituted for the purpose of fixing a lien upon certain real estate, the legal title to which was in the wife of the judgment debtor; and to subject the property to sale to satisfy the judgment debt. At the time the proceedings were instituted the plaintiff applied for and obtained a temporary restraining order, restraining the defendants in the suit, including the wife of the judgment debtor, from in any way disposing of the real property which it was sought to subject to the payment of the debt. Upon the issuance of the restraining order, and in pursuance of the direction of the district court in that regard, an undertaking was executed by the plaintiffs in error, conditioned that the obligors "shall pay to the defendants all damages which they may sustain by reason of said injunction, if it be finally determined that the said injunction ought not to have been granted." In the restraining order it was further ordered that the application for a temporary injunction be set for hearing on a day therein named, which was a short time in the future. No further

proceedings were had with reference to the allowance of a temporary injunction, and no motion made to dissolve or vacate the restraining order theretofore issued. The restraining order was by all parties permitted to remain in force as issued till the final trial of the case. When the case was finally tried, judgment was rendered in favor of defendants upon findings that there was no equity in the bill, and that the property belonged to the person in whom rested the legal title. A suit was then instituted upon the undertaking, given in pursuance of the issuance of the restraining order, for damages alleged to have been sustained by reason of its wrongful issuance, and upon the trial damages were recovered in the sum of $368. In the trial the right of the plaintiff to recover attorney's fees paid out, and for which the plaintiff became liable in the creditor's bill suit, was sharply denied by the obligors on the undertaking mentioned.

The court, in its instruction to the jury, stated, in substance, that the injunction part of said suit was intermingled with, and dependent upon, the issues touching the real ownership of the property in controversy, so that it became a part of the main case, and that the plaintiff was entitled to recover, as an element of damages, on the injunction bond, "such a sum as you determine from the evidence was a fair and reasonable charge for the services of her attorney in trying said action in this court." The ruling of the trial court upon this branch of the case, it is contended, is erroneous. By the undertaking, the obligors bound themselves to pay all damages sustained by the wrongful issuance of the temporary restraining order. Were counsel fees incurred confined solely to obtaining a dissolution of the order thus issued, the same would doubtless be recoverable. The third paragraph of the syllabus in *Gyger v. Courtney*, 59 Nebr., 555, is as follows: "Where the hearing of an application for a temporary injunction has been unreasonably postponed, attorney's fees necessarily incurred in effecting a dissolu-

tion of a restraining order are a proper element of dam-
age, in case it is determined that the restraining order
should not have been allowed." Says Sullivan, J., in
the opinion: "The office of a restraining order is to pre-
vent action on the part of the defendant until both parties
can be heard on the application for a temporary injunc-
tion. The practice being to hear such applications at the
earliest practicable moment, there will, ordinarily, be no
occasion for a motion to dissolve the restraining order.
But if the hearing of the application for a temporary in-
junction be unreasonably postponed, as it was in this
case, we think the party on whom the restraint has been
imposed is justified in moving to dissolve the order, and
that all reasonable expense incurred in the matter, in-
cluding attorney's fees, may be recovered in an action on
the bond." A more extended discussion and considera-
tion of the object and purpose of a restraining order,
than in the case last mentioned, will be found in *State v.
Wakeley*, reported in 28 Nebr., 431, wherein a restraining
order was clearly distinguished in its office from a tempo-
rary order of injunction. In that case it is said: "It is
very clear that the legislature never intended to give the
force and effect to a restraining order which attaches to
an injunction when regularly allowed. It simply sus-
pends proceedings until an opportunity can be given for
the parties to be heard, and upon that hearing having
been had, and a decision rendered upon the application,
the whole force of the restraining order ceases by its own
limitation." Can it be said in a case of this character
that the obligors undertook to pay as damages, in case
the restraining order was wrongfully issued, attorney's
fees incurred in the trial of the main case? It seems to us
not; that this is in effect enlarging the liability which
they assumed at the time of the execution of the under-
taking. The restraining order was intended only to serve
the purpose of preventing a transfer of the property
which was the subject of the controversy until an oppor-
tunity could be given both parties to be heard upon the

37

propriety of issuing a temporary order of injunction. No hearing has been had upon this subject, and none applied for; no effort was made to vacate the restraining order, except as the hearing upon the main issues affected it. The restraining order was in aid only, and not a part of the main case. Its office was only to hold the property *in statu quo* for the time being. Its vacation or dissolution did not depend upon a trial of the case on its merits. Damages for the wrongful obtaining and issuance of an injunction or restraining order are confined to just and adequate compensation for the actual loss which is the natural and proximate result of the restraint imposed. Sutherland, Damages, sec. 525; *Collins v. Sinclair*, 51 Ill., 328. The necessary and reasonable expenses for attorney's fees expended or incurred in resisting an order of injunction wrongfully issued, or procuring the dissolution thereof, are recoverable as an element of damages. But when the right to an injunction is not the main issue of the case, such damages are limited to the expenses incurred in securing the dissolution of the injunction, as distinguished from the expenses incurred in the trial of the principal issues involved. *Kittle v. De Lamater*, 7 Nebr., 70; *Raymond Bros. v. Green & Co.*, 12 Nebr., 215; *Gyger v. Courtney*, 59 Nebr., 555; *Mitchell v. Hawley*, 79 Cal., 301; *Newton v. Russell*, 87 N. Y., 527. It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorney's fees for the trial of the case are proper to be allowed as damages caused by an injunction wrongfully issued. Beach, Injunctions, sec. 206; *Andrews v. Glenville Woolen Co.*, 50 N. Y., 282. A recovery of counsel's fees for the trial of a case can not be allowed as an element of damages for an injunction wrongfully obtained, if the injunction proceedings be only auxiliary to the main case. *Field v. Medenwald*, 26 Ill. App., 642; *Allport v. Kelley*, 2 Mont., 343; *Disbrow v. Garcia*, 52 N. Y., 654; *Noble v. Arnold*, 23 Ohio St., 264. We think it entirely clear that the restraining order was auxiliary only to the main pro-

ceedings, and without deciding what would be the effect in case an injunction had•been regularly issued, we are of the opinion that it was erroneous to instruct the jury to allow the expenses incurred for counsel in the trial of the issues raised by the pleadings as one of the elements of damages sustained by the defendants by reason of the wrongful issuance of the restraining order.

Under the evidence and the instructions of the court, the jury were authorized to return a verdict for attorney's fees, in the sum of $75, as one element of damages. There was but one witness who testified upon the subject, and the evidence is in no way conflicting or contradictory. Under this evidence, but the one sum could have been allowed by the jury as expenses for attorney's fees. This being the state of the case, and the excess, allowed by reason of the erroneous instruction, being capable of ascertainment from the record, we are of opinion that the case is one where a remittitur may, with propriety, be allowed. The defendant in error will be allowed, within thirty days, to file a remittitur of the judgment obtained, in the principal sum of $75, with all accrued interest thereon. In case the remittitur is filed, the judgment as modified will not be reversed generally.

It is urged that there was error in the admission in evidence of the restraining order; that in the admission of such evidence there was a variance between the allegations and proof. In this contention we do not agree, and will only give the objection a passing notice.

It is also urged that the judgment is erroneous because rendered against both defendants as principals, while the pleadings and proof disclose that one is principal and the other the surety on the undertaking on which the suit is grounded. The objection in this respect is well taken. Under the pleadings and the evidence, it should have been made to appear in the judgment that one of the defendants was liable as principal and the other as surety, in conformity with the provisions of section 511 of the Code of Civil Procedure. It has been determined sev-

eral times that a failure to observe the requirements of this section, in cases similar to the one at bar, is reversible error. *Blaco v. State*, 58 Nebr., 557; *Van Etten v. Kosters*, 48 Nebr., 152; *Kroncke v. Madsen*, 56 Nebr., 609; *Maxwell v. Home Fire Ins. Co.*, 57 Nebr., 207.

For the reason last assigned, the judgment must be reversed. In the event a remittitur is filed, as herein indicated, the cause is reversed, with instructions to render judgment on the verdict less the amount of the remittitur, in conformity with the provisions of section 511 of the Code. Otherwise, the judgment is reversed generally, and the case remanded for further proceedings in accordance with law.

JUDGMENT ACCORDINGLY.