FELIX CUNNINGHAM ET AL. V. LEROY FINCH ET AL.

FILED DECEMBER 4, 1901.   No. 10,587.

Commissioner's opinion, Department No. 3.

1. **Injunction Bond: RECOVERY: ATTORNEY FEES.** Attorney's fees incurred in an unsuccessful attempt to dissolve an injunction, on a motion made therefor before the final trial, are not a proper element of damage in a suit on the injunction bond.

2. **Counsel Fees: ELEMENT OF DAMAGES: ANCILLARY INJUNCTION.** A recovery of counsel fees for the trial of a case will not be allowed as an element of damages for an injunction wrongfully obtained, if the injunction proceedings be only ancillary to the main case.

ERROR from the district court for Lancaster county. Tried below before HALL, J. *Reversed.*

*R. Cunningham* and *George A. Adams,* for plaintiffs in error.

*Frank J. Kelley, contra.*

Duffie, C.

In the year 1895, LeRoy Finch and Freeman C. Finch, the defendants in error, were tenants in possession of a farm in Lancaster county, Nebraska, owned by the plaintiffs in error, Cunningham and Ledwith. These owners brought an action in the district court of Lancaster county, alleging in their petition that the tenants were committing waste upon the farm by cutting shade and ornamental trees, which, together with fence posts and other improvements upon the premises, they used for fuel; that they were insolvent and that plaintiffs would suffer great injury if defendants were not restrained from such acts. The plaintiffs prayed for a temporary injunction restraining the defendants from committing waste, and that upon the final hearing the right to the property might be found in the plaintiffs, and that plaintiffs recover from defendants $200 damage for the injury sustained. A temporary injunction was issued in said cause, the plaintiffs therein executing a bond in the sum of $100. A motion to dissolve this temporary injunction, made by the defendants, was overruled by the court, and, upon a final trial of the action, judgment was entered finding the defendants entitled to most of the property in controversy, and allowing them to remove certain described property to which they had established title. After the final disposition of that case, the present action was commenced in the district court of Lancaster county, in which LeRoy Finch and Freeman C. Finch, the defendants in the former suit, sought to recover from the plaintiffs in that case and the sureties upon the injunction bond their damages sustained in consequence of the issuing of the injunction. The trial resulted in a judgment for the plaintiffs below in the sum of $75.30, and from this judgment the plaintiffs in error have brought the case to this court for review.

Numerous errors are assigned as having occurred upon the trial and in giving and refusing instructions to the jury, but, as we view the case, it will be unnecessary to

examine the errors assigned in detail, as the case can be disposed of, and the rule of law for the guidance of the district court on another trial established, by the announcement of a few well-established principles which govern in actions of this character. The district court apparently proceeded in the trial of the case upon the theory that the plaintiffs below were entitled to recover all damages and expense, which they had incurred in defending the action in which the injunction was allowed. It will be observed from the statement above given that the plaintiffs in the first action, in addition to seeking an injunction to prevent the defendants from committing waste, also sought to obtain damages for waste already committed, and to establish their title to the corn-cribs and other improvements upon the leased premises. Not only was the title to property involved in that action, but damages for the destruction of other property was sought to be recovered. If an injunction alone had been sought, and was the only relief asked by the plaintiffs in the action, then the necessary expense incurred in resisting the injunction might be recovered in an action upon the bond, but where the injunction is merely ancillary to the main action, then only such expense and damage as were suffered in procuring the dissolution of the injunction can be allowed. Neither can attorneys' fees be allowed for an unsuccessful attempt to dissolve an injunction before the final trial. In *Trester v. Pike*, 60 Nebr., 510, it is said: "It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorneys' fees for the trial of a case are proper to be allowed as damages caused by an injunction wrongfully issued. A recovery of counsel fees for the trial of a case will not be allowed as an element of damages for an injunction wrongfully obtained, if the injunction proceedings be only auxiliary to the main case." Without attempting to review the instructions given by the court, it is sufficient to say that they do not limit the recovery in this action as announced in the opinion quoted from. As before stated, the court apparently took the view that all damages and

expense incurred by the defendants in the trial of the cause
might be recovered in this action on the bond.

We recommend that the judgment of the district court be
reversed, and the case remanded for a new trial.

AMES and ALBERT, CC., concur.

REVERSED AND REMANDED.