FRANK DARLING, APPELLANT, V. ZAIDEE M. MCBRIDE ET AL., APPELLEES.

FILED APRIL 9, 1910. No. 15,924.

Injunction: DISSOLUTION: DAMAGES: ATTORNEY'S FEES. The necessary and reasonable expenses for attorney's fees incurred in procuring the dissolution of an injunction wrongfully issued are recoverable as an element of damages. But when the right to an injunction is ancillary, and not the main issue in the case, such damages are limited to the expenses incurred in securing the dissolution, as distinguished from the expenses incurred in the trial of the principal issues involved. *Trester v. Pike*, 60 Neb. 510.

34

APPEAL from the district court for Boone county: JAMES R. HANNA, JUDGE. *Reversed with directions.*

*H. C. Vail,* for appellant.

*Frank D. Williams, contra.*

LETTON, J.

This is an action upon an injunction bond.  The bond was given by the defendant in this case in an injunction proceeding which was ancillary to an action for divorce brought by her against plaintiff herein.  At the time the action for divorce was begun, plaintiff, who was then the husband of the defendant Zaidee M. Darling, now Zaidee M. McBride, had advertised for sale a large amount of personal property.  In her petition for divorce Mrs. Darling alleged that certain specified chattels thus advertised were her individual property, and that other articles were the property of defendant, and that he had withdrawn from deposit in a bank certain money received by him from the sale of property belonging to her.  She prayed for a divorce, for alimony, and that the defendant be enjoined from selling any part of the personal property or disposing of the funds until the further order of the court.  A temporary order of injunction was issued upon the giving of the bond sued upon in this action.  Afterwards it was agreed that the property should be sold at public auction and the proceeds held by one Goodrich subject to the order of the court.  A motion was made to vacate the temporary injunction, which was sustained as to a portion of the property, and it was ordered that the proceeds of the remainder remain in the hands of Mr. Goodrich until a hearing was had as to the ownership. Upon the final hearing of the case the court found that the plaintiff was entitled to a divorce, found further that she was entitled to the sum of $250, the proceeds of the sale of certain hogs, allowed her this as alimony, and dissolved the injunction in all other respects.  Afterwards

this action was brought upon the bond to recover attorney's fees for services in procuring the dissolution of the injunction, and for damages for depriving the plaintiff of the use of the proceeds of the sale. The court found generally for defendant and dismissed the action.

The testimony shows that the plaintiff paid the sum of $50 to his attorney as a fee for services in obtaining a dissolution of the temporary injunction as to most of the property, and for trying the respective rights of the parties to the remaining property at the final hearing. The plaintiff further testifies that, on account of the injunction tying up his money, he was unable to complete a contract for the purchase of 160 acres of land in Frontier county, and that he lost the use of the proceeds of the sale from February 25 to August 30, 1907; that if he had obtained the land it would have been worth about $700 to him, and that the interest upon the money aside from the land transaction would be worth 10 per cent. The anticipated profits upon his proposed speculation in land cannot be taken as the measure of damages, and under the circumstances we do not feel justified in saying that the plaintiff was entitled to interest upon the proceeds of the sale. The main controversy here is as to the right to recover attorney's fees. On the one hand, the plaintiff asserts that when injunctive relief is granted as ancillary to the main issue in a case, and the defendant moves to dissolve the temporary injunction and expends money for attorney's fees in this behalf, it is recoverable in an action upon the injunction bond if he is successful, while the defendant insists that in such a case such fees are not recoverable. The defendant relies upon the cases of *Cunningham v. Finch,* 63 Neb. 189, *Estate of Barr v. Post,* 4 Neb. (Unof.) 32, and *Leonard v. Capital Ins. Co.,* 101 Ia. 482.

*Cunningham v. Finch* was a case where the owners of a farm brought an action to enjoin waste. A temporary injunction was issued. A motion to dissolve this was overruled, and upon final trial judgment was rendered finding for the defendants. The defendants then sued and recov-

ered a judgment upon the injunction bond for attorney's fees in defending the action. The district court proceeded upon the theory that the defendants were entitled to recover all the damages and expenses which they had incurred, not limiting the recovery of fees merely to those paid out for dissolving the injunction. This court held this was error, and quoted the opinion in *Trester v. Pike*, 60 Neb. 510, where it is held: "It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorney's fees for the trial of a case are proper to be allowed as damages caused by an injunction wrongfully issued"—and the judgment of the district court was reversed.

In *Barr v. Post, supra*, the injunction proceedings were only ancillary to the main action, and the court held, following *Cunningham v. Finch, supra*, and *First Nat. Bank v. Hockett*, 2 Neb. (Unof.) 512, that the recovery of counsel fees for *the trial of a case* will not be allowed as an element of damages for an injunction wrongfully obtained if the injunction proceedings be only ancillary to the main case.

The plaintiff, in support of his contention that in such cases attorney's fees for securing the dissolution of a temporary injunction are proper elements of damage, cites *Jameson v. Bartlett*, 63 Neb. 638, *First Nat. Bank v. Hockett, supra*, and *Trester v. Pike, supra*.

*Trester v. Pike* was an action in the nature of a creditor's bill to set aside certain transfers of real estate, in which an ancillary restraining order was issued. Upon the final hearing the action was dismissed, the court finding that there was no equity in the bill. In an action upon the injunction bond, damages were recovered for services of the attorney in trying the action. This was held to be error, and the court said, "The necessary and reasonable expenses for attorney's fees expended or incurred in resisting an order of injunction wrongfully issued, or procuring the dissolution thereof, are recoverable as an element of damages. But when the right to an

injunction is not the main issue of the case, such damages are limited to the expenses incurred in securing the dissolution of the injunction, as distinguished from the expenses incurred in the trial of the principal issues involved. *Kittle v. De Lamater*, 7 Neb. 70; *Raymond Bros. v. Green & Co.*, 12 Neb. 215; *Gyger v. Courtney*, 59 Neb. 555; *Mitchell v. Hawley*, 79 Cal. 301; *Newton v. Russell*, 87 N. Y. 527. It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorney's fees for the trial of the case are proper to be allowed as damages caused by an injunction wrongfully issued. 1 Beach, Injunctions, sec. 206; *Andrews v. Glenville Woolen Co.*, 50 N. Y. 282." This case is followed in the *Jameson* case, *supra*. It is therein said: "The rule established by a multitude of decisions is that expenses necessarily incurred in obtaining a dissolution of the injunction may be recovered in an action on the bond, and that reasonable counsel fees are to be regarded as part of such expenses. But it is equally well settled that expenses paid or incurred for professional services in defending the main action are not ordinarily damages which the obligee of the bond has sustained by reason of the injunction."

The distinction between the cases cited by plaintiff and defendant is clear, and they are not inconsistent with each other. The plaintiff is entitled to recover the amount which he expended for attorney's fees in procuring the dissolution of the temporary order of injunction, but not for trying the divorce case. The fee of $50 paid by him is shown to be a reasonable fee for the services rendered. The fact that the injunction was not dissolved as to a small portion of the property in controversy is not material. We think the district court was justified in refusing to allow any other damages.

The judgment of the district court is reversed and the cause remanded, with directions to enter a judgment for the plaintiff for the sum of $50.

REVERSED.

SEDGWICK, J., dissenting.

The defendants in their answer set out the proceedings in the divorce case in full, and insist that the matters attempted to be litigated in this suit were adjudicated in the divorce suit. This is the entire defense relied upon. The case was tried in the court where the divorce suit was determined. The jury was waived, and the trial court found for the defendants. The majority opinion ignores the real issue tried in the lower court, and treats the case as though it were solely a controversy over the amount of attorney's fees that might be recovered. Some of the courts hold that in an ordinary action in equity upon dissolving an injunction the court should enforce the payment of damages caused by the injunction. This is the rule in the federal courts. *Coosaw Mining Co. v. Farmers' Mining Co.*, 51 Fed. 107. It is the rule in some of the states, in the absence of a statute, and in several of the states it is made the rule by express statute. In England it is discretionary with the court. Whatever the rule may be in ordinary actions in equity, I think there can be no doubt of the correctness of the judgment of the trial court in this case.

In the original petition for divorce, which was upon the ground of cruelty, the property owned by the husband and wife is described in full, and it is alleged that the husband is attempting to dispose of property that belongs to the wife, as well as his own property, so as to prevent the judgment of the court, in regard to the property rights of the parties, being enforced. A temporary injunction was allowed restraining the husband from disposing of the property while the action was pending. Upon the granting of this injunction the bond was given upon which this action was brought. The action was tried by the court upon a stipulation of facts from which it appears that after the injunction had been granted in the divorce suit the parties to that suit entered into a stipulation concerning the property, which included all of the property

affected by the injunction. The stipulation was that all of the property affected by the injunction, except some cattle that were conceded to be the property of the plaintiff in that suit, should be sold at public auction at a specified time and place, and the proceeds thereof placed in the hands of one Goodrich, clerk of the sale, and held by him subject to the order of the district court, "as though the property had not been sold, neither the plaintiff nor the defendant waiving any of their rights in this case." After the property had been sold pursuant to this stipulation, the money being in the hands of Goodrich, a motion was filed to vacate the injunction upon two grounds: First, that the petition does not state facts sufficient to authorize it; and, second, that the facts stated in the petition were untrue. Several weeks afterwards the court made an order dissolving the injunction as to the property of the defendant in that suit, but in the order and as a part of the same order it was recited: "It appearing to the court that the property mentioned in the petition has been sold and that the proceeds of said sale are in the hands of C. C. Goodrich"; and the court thereupon ordered that the said proceeds remain in the hands of Goodrich "until hearing be had by court as to the ownership of same, and as to whom the same may belong." This was in reality not an order dissolving the injunction in any respect. The effect of the order was to continue the injunction as it was originally made until the final trial of the case. The proceeds of all the property were in the hands of Goodrich, as a result of the sale at the time the order was made, and by force of the order remained in his hands until the case was tried. The district court, and as I think rightly, considered that it was its duty to determine all of the property rights of the parties upon the final trial. Immediately after this order was made the defendant in that case filed a motion for an order requiring Mr. Goodrich "to pay Frank Darling, defendant", the proceeds of the sale of his personal property, describing particularly all of the property that

it was claimed belonged to the defendant in that suit. This motion was never passed upon by the court, except as the whole matter was decided in the final decree.

By the final judgment the court gave to the plaintiff Zaidee Darling $250 "from money in the hands of C. C. Goodrich", being a portion of her personal property in lieu of alimony, so that by final decree of the court all of the property of the defendant and a considerable portion of the property claimed by the plaintiff was given to the defendant. The final decree contained these words: "That the injunction heretofore granted herein as to all the other money in the hands of C. C. Goodrich, except the aforesaid sum of $250, is hereby dissolved, set aside and vacated."

It seems to me that there can be no doubt that in this final distribution of the personal property it was the duty of the court to take into consideration all matters arising out of the litigation in that case in favor of one of the parties and against the other, and if the defendant was entitled to attorney's fees for services rendered in the action, such claim must have been taken into consideration by the court in finally adjusting the rights of the parties. The district court so considered it, and rendered, in this action upon the bond, a judgment in favor of the defendants. I do not think that the majority opinion determines or considers the matter adjudicated by the district court, and I think that it follows from the foregoing considerations that the judgment of the district court in this case is correct and should be affirmed.

FAWCETT, J., concurs in this dissent.

REESE, C. J., concurring in part in dissent by SEDGWICK, J.

I believe the judgment of the district court should be affirmed, but am not certain that I fully agree with Judge SEDGWICK in all his conclusions. I am persuaded that the stipulation of the parties placing the money realized

from the sale in the hands of Mr. Goodrich was, in effect, a final disposition of the whole injunction matter. The money was never in the possession of Mr. Goodrich by virtue of the injunction, but by reason of the mutual agreement of the parties to the suit. This stipulation had the double effect of both recognizing the validity of, and at the same time dissolving, the injunction—taking the matter out of the hands of the court, so far as the retention and custody of the fund was concerned, and the assumption of the full control thereof by the parties. The stipulation of facts upon which this case was tried recites: "In pursuance of said stipulation the property was sold and the proceeds thereof were placed in the hands of C. C. Goodrich and held by him as provided in said stipulation." As the stipulation referred to included all that was bound by the injunction, the office and powers of the injunction were at an end. I think the record shows beyond doubt that the injunction was not wrongfully issued, and that a reasonable construction of the record sustains this view. As said in the majority opinion: "Upon the final hearing of the case the court found that the plaintiff was entitled to a divorce, found further that she was entitled to the sum of $250, the proceeds of the sale of certain hogs, allowed her this as alimony, and dissolved the injunction in all other respects." While it is true, as I have said, that by the stipulation the power of the injunction was at an end, and the sale was allowed to proceed, yet, by the stipulation the money in the hands of Goodrich was still, but by virtue of the stipulation, within the jurisdiction and subject to the control of the court. If we say the order of the court distributing the money was by virtue of the injunction, which it was not, yet we would have to hold that the injunction was rightfully issued in so far as the allowance made to the wife from the fund was concerned. The dissolution of the injunction was more of form than substance. It had served its purpose, the case was disposed of on its merits, and the proceedings were at an end. The fund had been held

subject to distribution upon the entry of the final decree. This was done, and the injunction had long before spent its force in holding the interest of the wife in the property until the entry of the stipulation.