SAMUEL D. HOVEY et. al., Respondents, *v.* THE RUBBER-TIP PENCIL COMPANY, Appellant.

Counsel fees for the trial of an action in which a temporary injunction has been issued cannot be recovered as damages upon the undertaking given upon the granting of the injunction unless it appear that such expenses were incurred by reason of the injunction.

A party is entitled to damages for all expenses which he has incurred for fees and for legal expenses in removing the temporary injunction, and also any damages to his business or otherwise necessarily resulting from it.

(*Andrews* v. *The Glenville Woolen Company, ante,* p. 282, distinguished.)

(Argued November 12, 1872; decided November 19, 1872.)

APPEAL from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term, setting aside the report of a referee awarding damages upon an undertaking given upon the granting of a temporary injunction herein. The referee awarded as damages $500 counsel fees paid by defendant upon the trial of the action.

*John S. Washburne* for the appellant. Defendant was entitled to reasonable counsel fees. (*Edwards* v. *Bodine,* 11 Paige, 224; *Aldrich* v. *Reynolds,* 1 Barb. Ch., 613;

*Wilde* v.*Joel et al.*, 15 How. Pr., 329; *Corcoran* v. *Judson*, 24 N. Y., 106.) Any method or procedure deciding that plaintiffs were not entitled to the injunction is within the language of the Code and undertaking. (*Meth. Church* v. *Barker*, 18 N. Y., 465; *Childs* v. *Lyon*, 3 Rob., 704; *Loomis* v. *Brown*, 16 Barb., 325; *Disbro* v. *Disbro*, 37 How. Pr., 148; 1 Till. & Shear. Pr., 728; 2 Story's Eq. Jur. [Redfield's ed.], § 799.) Defendant need not resort to a regular action upon the undertaking. (*Willett* v. *Scovil*, 4 Abb., 405; *Meth. Church* v. *Barker*, 18 N. Y., 465; *Dickerson* v. *Cook*, 3 Duer, 324.)

*Ambrose Monell* for the respondents. Defendant's expenses were not occasioned by reason of the injunction, but in defending a suit, plaintiffs had a right to bring, and should not be allowed. (*Town of Guilford* v. *Cornell*, 4 Abb. Pr., 220; *Strong* v. *De Forest*, 15 id., 427; *Coates* v. *Coates*, 1 Duer, 664; *Wilde* v. *Joel*, 15 How. Pr., 220; *Edwards* v. *Bodine*, 11 Paige, 223; *Andrews, Rec'r, etc.*, v. *Glenville Woolen Co.*, Gen. Term; *Childs* v. *Lyon*, 3 Robt., 704.)

CHURCH, Ch. J. No motion was made to dissolve the injunction, nor does it appear that any expenses were incurred in consequence of it. The expenses proved were the expenses and counsel fees in the management and preparation of the case for trial, and the trial of the same, and no evidence was produced to show that any part of the sum was expended by reason of the temporary injunction, nor but that the same amount would have been incurred if no temporary injunction had been issued.

The principles laid down at the General and Special Term accord with the recent decision of this court in *Andrews* v. *The Glenville Woolen Company* (*ante*, p. 282), that, in order to recover as damages counsel fees, or any part of them, for the trial of an action in which a temporary injunction was issued, it must appear in some way that such expenses were incurred by reason of such injunction. In that case a motion had been

made to dissolve the injunction, which was denied, upon the ground that as the motion involved the whole merits of the action, which was brought to secure a permanent injunction, it was more appropriate that it should be determined upon a trial. The defendant was therefore compelled to go to trial to secure a decision that the party was not entitled to the injunction in order to recover the damages which he had sustained in endeavoring to procure a dissolution, and this court held that a counsel fee for the trial of the action was proper. The facts proved in this case do not bring it within the principle decided in that case. A party is entitled to damages, not only for all expenses which he has incurred for fees and for legal services in removing the temporary injunction, but also any damages to his business, or otherwise necessarily resulting from it.

As none was proved in this case the order must be affirmed.

All concur.

Order affirmed.