FRANCIS N. GIBSON V. E. L. REED ET AL.

FILED MARCH 17, 1898.   No. 7944.

54  309
59  559

1. **Suit on Injunction Bond**: DAMAGES.   In a suit upon an injunction bond given to procure an order restraining plaintiff from enforcing the collection of a judgment, his measure of damages is all damages which he has sustained by reason of the wrongful issuing of such injunction order.

2. ———: ———.   All reasonable and necessary counsel fees, expenses, and costs which plaintiff has paid or for which he has become liable by reason of the injunction, and the depreciation in value of the judgment debtor's property, on which the judgment was a lien, during the time the injunction was in force, are proper elements for consideration in determining what damages plaintiff has sustained.

3. **Wrongful Injunction**: EVIDENCE.   An order dissolving an injunction and dismissing the proceeding is generally an adjudication that the injunction ought not to have been granted.

4. **Injunction Bond**: SURETIES: ESTOPPEL.   The signers of an injunction bond are estopped in a suit thereon from asserting as a defense that the injunction order was broader than the application therefor.

ERROR from the district court of Cass county.   Tried below before CHAPMAN; J.   *Reversed.*

*E. H. Wooley*, for plaintiff in error.

*A. N. Sullivan* and *Byron Clark*, contra,

Ragan, C.

In the district court of Cass county Francis N. Gibson recovered a judgment against E. L. Reed. After the adjournment of the term of court at which this judgment was rendered Reed filed a petition to vacate the judgment. While this proceeding was pending, an execution was issued and by the sheriff levied upon certain personal property of Reed,—certificates of stock in a corporation,—and thereupon Reed filed in the case an application for, and obtained, an order of injunction "Enjoining the defendant [Gibson] and the sheriff of said county of Cass, in the state of Nebraska, from collecting by execution the judgment of the defendant [Gibson] against the plaintiff [Reed] obtained on the 4th day of December, A. D. 1889, and from selling on July 21, 1890, the stock of the plaintiff [Reed] in the Weeping Water Lime & Stone Company until the further order of this court." This injunction order was issued on July 12, 1890, and remained in force to December 7, 1891. Reed at no time filed a bond or undertaking to supersede the judgment against him or stay the issuance of an execution thereon. To procure the order of injunction, Reed as principal, and Adams as surety, executed an undertaking or bond conditioned that they would pay to Gibson all damages which he might sustain by reason of such injunction, if it should be finally decided that such injunction ought not to have been granted. The present suit was brought by Gibson on this injunction bond and resulted in a verdict and judgment dismissing Gibson's action, to review which judgment he has filed here a petition in error.

The evidence tended to show that while the injunction order was in force the personal property which Gibson had caused to be levied upon depreciated in value; that at the time the injunction order was issued Reed had a large amount of real estate in said Cass county upon which such judgment was a lien, and between the date of the injunction order and the date of its dissolution such

real estate depreciated in value; and while the injunction order was in force Reed caused valuable buildings and fixtures to be severed and removed from his real estate. The real estate and personal property of Reed were sold on execution after the dissolution of the injunction, but a sufficient amount was not realized from such sale to satisfy Gibson's judgment. Gibson claimed upon the trial of this case that the depreciation which took place in the corporation stock of Reed and the depreciation which his real estate underwent during the time the injunction order was in force were elements to be considered by the jury in determining what damages he, Gibson, had sustained by reason of the wrongful granting of the injunction. The district court by its instructions, however, limited the damages which Gibson might recover to the depreciation in value of the corporation stock during the time the injunction was in force. This was error. The theory of the district court seems to have been that the injunction order was broader than the application for the injunction; that the latter only prayed the court for an injunction to restrain the sheriff and Gibson from selling the corporation stock levied upon, whereas the order of injunction issued restrained both the sheriff and Gibson from collecting by execution the judgment which Gibson had against Reed. The order of injunction is broader than the application made therefor, but the parties who signed this injunction bond are in no position to take advantage of that fact. They filed the application for an injunction, they procured the injunction order to be issued, and they cannot now be heard to say that they are not liable for the damages which Gibson has sustained by reason of the injunction, because the order restraining him and the sheriff was broader than the application made for such order. The order, in express terms, commanded Gibson and the sheriff to refrain from enforcing or collecting the judgment. This order they were bound to obey at their peril. They were not obliged to look back to the application for

an injunction, and then determine for themselves that they would obey so much of the injunction order as was asked for by the application and disregard the rest. The obligation of the signers of the injunction bond was to make good to Gibson all damages which he might sustain by reason of the injunction order, if it should be finally decided that the order ought not to have been granted. The order of the district court dissolving the injunction and dismissing the injunction proceeding was, in effect, an adjudication by the court that the injunction ought not to have been granted. (*Dowling v. Polack*, 18 Cal. 626.) Gibson was entitled to recover on the injunction bond all damages suffered by him which damages were the result of the injunction. If during the time this injunction was in force the corporation stock upon which Gibson had caused an execution to be levied depreciated in value, such depreciation was an element of Gibson's damage; if during the time the injunction was in force the real estate of Reed depreciated in value from any cause, that depreciation was an element of damage; and if during the time the injunction was in force Reed removed, caused, or permitted to be removed, valuable fixtures and buildings from the real estate upon which the judgment of Gibson was a lien and thereby depreciated in value the real estate, this was an element of damage; and, in addition to these elements, Gibson was entitled to recover all the reasonable and necessary attorney's fees, costs, and expenses which he had sustained, or for which he had become liable, in resisting and attempting to discharge the injunction proceeding. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.