MARTIN FURNITURE Co. *et al. v.* J. D. MASSEY *et al.*

(*Jackson.*   April Term, 1916.)

1. INJUNCTION. Bonds. Enforcement.

Though an injunction bond was conditioned that, if complainant should pay such damages' and costs as might be awarded by the chancery court in dismissing the bill, it should be void, but otherwise remain in full force, instead of following Shannon's Code, section 6257, declaring that, if the object be to enjoin a money demand after judgment, the penalty of the bond shall be double the judgment or sum sought to be enjoined, the condition of the bond was such that liability could be predicated thereon. (*Post, pp.* 341, 342.)

Case cited and approved: Terrell v. Ingersoll, 78 Tenn., 77.

Code cited and construed: Sec. 6257 (S.).

2. BANKRUPTCY. Discharge. Liability of sureties.

Shannon's Code, section 6264, declares that, on dissolution of an injunction to stay proceedings on the judgment for money, decree shall be entered against the claimant and his surety for such sum as the court may order.    Sections 4485-4487 declare that, where an instrument is joint and several, suit may be brought against one or any of the obligors, and that the discharge of one does not effect discharge of the other.    Complainant, who sought to enjoin execution on a money judgment, filed an injunction bond and, after the injunction was issued, was adjudicated a bankrupt.    Bankruptcy Act July 1, 1898, chapter 541, section 16, 30 Stat. 550 (U. S. Comp. St. 1913, section 9600), declares that the liability of a person who is a codebtor with, or guarantor or surety for, a bankrupt, shall not be altered by the discharge of the bankrupt.    *Held*, that the discharge of complainant, principal in the bond, did not, the injunction being dissolved, discharge the liability of the surety.(*Post, pp.* 342-345.)

Martin Furn. Co. v. Massey.

Cases cited and approved: State v. Frankgos, 114 Tenn., 76; Brannon v. Wright, 113 Tenn., 692; Wolf v. Stix, 99 U. S., 1; Gibson v. Reed, 54 Neb., 309; Gyger v. Courtney, 59 Neb., 555; Martin v. Kilbourn, 59 Tenn., 331.

Case cited and distinguished: Stull v. Beddeo, 78 Neb., 119.

Codes cited and construed: Secs. 4485-4487, 6264 (S.).

3. BANKRUPTCY. Composition. Liability of sureties.

As the release effected by composition of a bankrupt is one affected by operation of law and not mutual consent, the fact that a creditor, whose claim had been enjoined before the debtor was adjudicated a bankrupt, joined in favor of the composition, does not discharge the surety on the debtor's injunction bond. (*Post, pp.* 345, 346.)

---

FROM SHELBY

---

Appeal from the Chancery Court of Shelby County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.— F. H. HEISKELL, Chancellor.

DUNCAN MARTIN, for complainant.

YANDELL HAUN, for defendants.

MR. A. H. GHOLSON, Special Judge, delivered the opinion of the Court.

A judgment was rendered August 25, 1914, for $775.97 and costs, by a justice of the peace of Shelby

county, Tenn., in favor of Mrs. Alice Wise, one of the defendants, against the complainant, Martin Furniture Company, on a note. An injunction bill was filed August 28, 1914, by said company seeking to restrain the collection of said judgment by Mrs. Wise. A fiat was granted by the chancellor directing the issuance of an injunction upon complainant entering into bond conditioned as required by law in the penalty of $1,000. An injunction bond was executed, and the United States Fidelity & Guaranty Company became surety thereon. The writ of injunction was thereupon issued in accordance wtih the prayer of the bill.

Mrs. Wise answered, denying all of the material allegations of the bill. It is unnecessary to discuss the issues raised by said pleadings.

Said injunction bond was in the usual form, except as to the condition, which was as follows:

"Now, if the complainant shall pay such damages and costs as may be awarded by the chancery court in disimssing the bill, then this obligation to be void, otherwise to remain in full force and effect."

On June 11, 1915, counsel for the litigants filed in this cause an agreement and stipulation as to the material facts. Those necessary to mention are that on February 9, 1915, said Martin Furniture Company on its petition was duly adjudged a bankrupt; that said petition in the schedules made part thereof listed, among others, the note of Mrs. Wise as indebtedness claimed by her as "in suit and disputed;" that as part of her claim said Mrs. Wise filed in said bank-

Martin Furn. Co. v. Massey.

ruptcy proceeding her claim based exclusively on said justice's judgment and costs; that, at a meeting of the creditors for that purpose, Mrs. Wise voted affirmatively, and in writing accepted a composition proposed by said bankrupt, which composition was duly and legally confirmed by the bankrupt court; that by the terms of said composition said bankrupt was to pay its creditors twenty-five per cent. of their several debts in money, and the other seventy-five per cent. in preferred stock of the Southern Furniture Corporation; and that Mrs. Wise had accepted and received the avails of said composition due her.

Said agreement and stipulation further provided that the chancellor, on motion of the Martin Furniture Company, might consider and adjudicate all the questions involved and material as though raised by proper and formal pleadings, including plea of discharge in bankruptcy of said Martin Furniture Company.

The motion of said furniture company is not shown, but we assume that it was for a decree in its favor adjudging it, and the surety on its injunction bond, not liable to Mrs. Wise on account of its adjudication and discharge in bankruptcy and her action in accepting said composition of the bankrupt and receiving her share of the proceeds thereof. The parties have treated it as if a final decree had been entered to the effect that said injunction should not have been granted.

It is insisted that the condition of the bond is such that no decree can be rendered for the amount of the

judgment when collection was enjoined. The require-, ments of section 6257 of Shannon's Code were not followed. But in the case of *Terrell* v. *Ingersoll,* 10 Lea, 77, an injunction bond with a similar condition, it was held that when one is enjoined from the collection of debts, and the debts are barred by the statute of limitations pending the injunction, the sureties on the bond are liable for the amount of the debts so barred.

The obligation was joint and several. The liability of the surety did not depend upon the rendition of a judgment against the principal. Shannon's Code, sections 4485–4487, inclusive; *State* v. *Frankgos,* 114 Tenn., 76, 85 S. W., 79; *Brannon* v. *Wright,* 113 Tenn., 692, 84 S. W., 612.

Under section 6264 of Shannon's Code, the defendant was entitled to a decree on the injunction bond for such an amount as the court should order. If the principal on said bond had been discharged, the surety should respond as in other cases of joint liability. *Wolf* v. *Stix,* 99 U. S., 1, 25 L. Ed., 309.

It is earnestly urged that, on account of the discharge in bankruptcy of the Martin Furniture Company, no judgment could be rendered against it; therefore none could be rendered against the surety on its injunction bond; also, that said discharge in bankruptcy of the principal released the surety.

Section 16 of the Bankruptcy Act is as follows:

"The liability of a person who is a codebtor with, or guarantor or in any manner a surety for, a bank-

rupt shall not be altered by the discharge of such bankrupt.''

Remington on Bankruptcy, vol. 2, p. 1394, says:

''The rights of the creditor against third parties jointly liable with the bankrupt, or secondarily for him, are not impaired by the bankrupt's adjudication nor by the bankrupt's discharge.''

The thoroughly considered and annotated case of *Stull* v. *Beddeo*, 78 Neb., 119, 112 N. W., 315, 14 L. R. A. (N. S.), 507, is very much in point, and from it we quote:

''We have not overlooked the numerous cases cited by counsel, wherein sureties have been held to be released from liability by the discharge of their principals in bankruptcy. In each of those cases, however, it is clear that, in consequence of the discharge in bankruptcy, the contingency upon which the liabilty of the sureties had been dependent could never happen. *Wolf* v. *Stix*, 99 U. S., 1, 25 L. Ed., 309, which is included among the citations referred to furnishes an apt illustration of that class of bonds. There the court said: 'The cases are numerous in which it has been held, and we think correctly, that if one is bound as surety for another to pay any judgment that may be rendered in a specified action, if the judgment is defeated by the bankruptcy of the person for whom the obligation is assumed, the surety will be released. The obvious reason is that the event has not happened on which the liability of the surety was made to depend.' But in the case at bar the condition of the bond is that

'plaintiff shall pay to the defendants all damage which they may sustain by reason of said injunction, if it be finally decided that the injunction ought not to have been granted.' The contingency upon which the liability of the surety was made to depend, by the condition of this bond, was a final decision that the injunction ought not to have been granted. That contingency happened, and the liability of the surety on the bond became fixed, on the 6th day of June, 1904, when the injunction was dissolved, and the suit in which it had issued was dismissed. *Gibson* v. *Reed,* 54 Neb., 309, 75 N. W., 1085; *Gyger* v. *Courtney,* 59 Neb., 555, 81 N. W., 437.

"But it is argued that the condition of the bond is to pay the damages sustained by the plaintiffs when those damages are ascertained against the principal, and as they cannot now be thus ascertained, on account of the discharge in bankruptcy of the principal, the contingency upon which the liability of the surety depends can never happen. This argument, pushed to its logical conclusion, would render section 16 of the Bankruptcy Act, above quoted, almost, if not entirely, nugatory, because it is hard to conceive of a contract of suretyship to which it would not apply with as much force as to the one under consideration. The obligation is to pay the damage on the happening of a certain event. That event has happened. Section 16, supra, is to the effect that the discharge of the principal in bankruptcy does not release the surety from his liability to pay such damage. Before he can

pay them, they must be ascertained; that is, the parties must agree upon the amount, or it must be established in an action on the bond. A statute which preserves a surety's liability, notwithstanding the discharge of the principal, but which at the time forbids the taking of a step essential to enforce the liability against the surety, would be a mockery."

The instant case is distinguished from *Martin* v. *Kilbourn,* 12 Heisk., 331, because the bond there was conditioned upon the securing of a judgment against the principal. No such requirement is present in this case.

It therefore follows that the adjudication and discharge in bankruptcy of the Martin Furniture Company did not discharge the surety on its injunction bond.

It is next insisted that the voting for and acceptance of the composition and receiving the avails or dividends thereunder worked a discharge of the surety. This contention is unsound. Remington on Bankruptcy, vol. 3, p. 2227 (2d Ed.) said:

"The release effected by a composition is a release by operation of law and not by mutual consent.

"The idea of composition with creditors is familiar. In its ordinary form it rests upon mutual consent and valuable consideration. But a composition in bankruptcy is different. A composition in bankruptcy restores the estate to the debtor and frees him from his debts, to be sure, but not by virtue of mutual consent or contract, but by operation of law. This distinction

is of great importance in practice when it comes to considering the obligations of guarantors and sureties of debts owed by bankrupts. Were the composition a voluntary release, it might release the surety; being by operation of law, however, it would not have that effect, even if the statute did not provide, in section 16, that 'the liability of a person who is a codebtor with or guarantor or in any manner a surety for, a bankrupt, shall not be altered by the discharge of such person.' "

See, also, Loveland on Bankruptcy (3d Ed.), p. 725; 32 Cyc., 227, and numerous cases there cited.

The learned court of civil appeals was correct in reversing the decree of the chancellor, who declined to order a reference to ascertain the damages of Mrs. Wise. She will be entitled to collect from the surety on the injunction bond the amount of her judgment, interest and costs thereon, to be credited, however, with the money and the value of the stock of the Southern Furniture Corporation received by her at the time.

The petition for *certiorari* is therefore denied.