MELVIN V. HALLGREN, APPELLEE, V. FAY E. WILLIAMS ET AL.,
APPELLANTS.

20 N. W. 2d 499

FILED NOVEMBER 9, 1945. No. 32004.

*Mothersead & Wright* and *Paul Rhodes*, for appellants.
*F. J. Reed*, for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

SIMMONS, C. J.

This action originated as one to have a judgment declared void and to enjoin its collection. A restraining order was issued. An intervener claimed some of the property upon which levy was made. Trial was had resulting in a judgment favorable to the intervener and defendants. Thereafter at a subsequent term the trial court entered an order modifying its decree. Defendants appeal. We reverse the judgment of the trial court.

Plaintiff is a judgment debtor. Defendant Williams, as assignee, is the judgment creditor. Defendant Webb is the sheriff of Morrill County. Defendant Williams had an execution issued on the judgment and the defendant sheriff levied upon personal property in which, according to plaintiff's petition, he had "an undivided interest."

Plaintiff brought this action in equity, praying that the judgment and assignment be declared void and unenforceable; that the defendants be enjoined from taking any action looking to its collection; and that a restraining order issue pending the action. A bond was given and the restraining order issued. Thereafter Theron R. Hallgren, as special administrator of the estate of Lillian J. Hallgren, deceased, intervened claiming ownership and right to possession of a substantial part of the property upon which the levy was made.

Issues were joined and on January 3, 1944, during the regular October 1943 term of court, trial was had. On January 4, 1944, the trial court made findings and decreed that the judgment was valid and not subject to attack, dismissed plaintiff's petition, and dissolved the restraining order. The court further held that certain items of the personal property should be surrendered to the intervener and enjoined the sale of those items under the execution.

On July 29, 1944, plaintiff filed a petition in this action, in which he alleged, so far as material here, that the trial court found, adjudged and announced that plaintiff was entitled to have the sheriff enjoined and restrained from selling so much of said property as was decreed to belong to the estate; and that by reason of "oversights, mistakes, and omissions in journalizing said judgment same was made to read that the entire matter of restraining order brought by this plaintiff was dissolved, whereas it should have provided in conformity with the findings of the Court that it be dissolved only in so far as it involved a few items of personal property which was found and adjudged to belong to this plaintiff and this plaintiff is entitled to have said judgment modified in the aforesaid particulars." Plaintiff further alleged that an action for damages had been brought against him and his bondsmen upon the bond given when the restraining order issued, and that he was entitled to have the judgment modified, sustaining the restraining order and granting a permanent injunction insofar as the estate property was concerned. He prayed for a new trial and an

injunction against the judgment, and that if that be not granted, that the judgment be modified and the temporary restraining order be sustained insofar as it affected the property of the estate of Lillian J. Hallgren.

To this petition the defendants demurred for the reason that it did not state facts sufficient to constitute a cause of action against them.

Thereafter, on March 27, 1945, one of the days of the regular February 1945 term of said court, the matter was heard upon the petition and the demurrer. The court found that the petition did not state facts entitling the plaintiff to a new trial upon the issue of vacating the judgment, and did not state facts entitling the plaintiff to a modification of the decree of January 4, 1944, dismissing the plaintiff's temporary restraining order.

The court further found that the form of its journal entry made on January 4, 1944, should be modified in its findings so far as it pertained to the matter of plaintiff's temporary restraining order. The court then reentered its journal entry in exact language, but with this addition: "The Court finds from the record and the evidence that the plaintiff was entitled to the restraining order issued by the County Court by order dated February 26, 1943, and was entitled to restrain the sale of said property under the execution for the reason that the property of the estate of Lillian J. Hallgren had been advertised for sale together with a small amount of property of the plaintiff herein and for the reason that a permanent injunction was granted by order of this court in favor of the intervenor, Theron R. Hallgren, as administrator, the restraining order granted this plaintiff had no further function to perform herein and was and is for that reason dismissed. The court finds that the temporary restraining order of the plaintiff was properly granted and was not wrongfully obtained."

We are furnished with a bill of exceptions showing that on March 27, 1945, evidence was taken on a motion to retax costs and as to the plaintiff's diligence in seeking a missing witness. We find no evidence as to the matter of a modification of the journal entry.

From the modification of the decree the defendants appeal, presenting as error the action of the court on March 27, 1945, in modifying the decree of January 4, 1944, at a subsequent term and in its findings there made, contending that the court was without power and authority to enter this additional finding.

It would seem that when the court made its finding that the petition did not state facts entitling the plaintiff to relief on either of the two grounds advanced, it in effect sustained the demurrer; that that disposed of the matter; and that there was nothing then at issue to require further judicial action.

But the court, having found that the petition did not state facts entitling plaintiff to a modification of the decree dismissing the temporary restraining order, proceeded to modify the decree by adding the finding above quoted.

Section 25-2001, R. S. 1943, provides that a district court shall have power in certain circumstances to vacate or modify its own judgments or orders after the term at which such judgments or orders were made. It is obvious that plaintiff sought to bring his case within clause (3) of that section, to wit: " * * * for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order" for plaintiff alleged that by reason of "oversights, mistakes, and omissions" the decree was not in accord with the findings of the court.

But whether plaintiff appeals for relief to the statute or to independent equity jurisdiction, the result is the same. There is no evidence here that either clerk or court made any oversight, mistake, or omission in journalizing the judgment. The court makes no finding of such facts. The allegation that the court found at the first trial that the plaintiff was entitled to have the sheriff enjoined and restrained from selling so much of said property as belonged to the estate is negatived by the finding made by the court in both the decree of January 4, 1944, and the decree of March 27, 1945, that "the prayer of the intervenor to enjoin the sale of the personal property should be granted" as to

the property to which he was entitled; and in the entry of March 27, 1945, the court said that it granted a permanent injunction "in favor of the intervenor."

Plaintiff in his first petition alleged a levy upon property in which he had an individual interest. He prayed for injunctive relief as to his property. He asked for no relief as to property which he did not own. Neither is there any evidence that the trial court found or intended to decree in the order of January 4, 1944, that the restraining order should be dissolved only insofar as it involved the few items of personal property belonging to the plaintiff. On the contrary, the court found in both decrees that "the plaintiff's petition should be dismissed and the temporary restraining order should be dissolved." So it appears that the court found against the plaintiff on the fact basis of his petition to modify.

The court then in its decree of March 27, 1945, found that plaintiff was entitled to the restraining order for two reasons. The first reason given was that a part of the property being advertised for sale belonged to the estate. Plaintiff made no such contention when the restraining order was issued and at no time did plaintiff by his pleadings seek to protect the property of the estate. The second reason given was that a permanent injunction being granted to the intervener, the restraining order had no further function to perform and was for that reason dismissed. The restraining order was issued to protect the property of the plaintiff from sale pending a determination of the validity of the judgment. The trial court found in both orders that the plaintiff's petition was dismissed and the restraining order dissolved, and that for the obvious reason that plaintiff had no cause of action entitling him to injunctive relief. It seems that the reasons given by the court are negatived by its findings contained in both decrees.

This court has held: " 'A judgment of a court upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim of the parties, and is foreign to the issues submitted for its determination, is a

nullity.' *Lincoln Nat. Bank v. Virgin,* 36 Neb. 735, 55 N. W. 218." *Petersen v. Dethlefs,* 139 Neb. 572, 298 N. W. 155. As was said there, so it must be said here, so much of the judgment as is invalid should be vacated and not permitted to encumber the record.

The judgment is reversed and the cause remanded with instructions to vacate that part of the decree which purports to modify the decree of January 4, 1944.

REVERSED WITH DIRECTIONS.

CARTER, J., not participating.