FAY E. WILLIAMS, APPELLANT, V. MELVIN V. HALLGREN ET AL., APPELLEES.

31 N. W. 2d 737

Filed April 8, 1948. No. 32287.

*Paul Rhodes, Mothersead & Wright,* and *R. G. Simmons, Jr.,* for appellant.

*F. J. Reed,* for appellees.

Heard before PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and LIGHTNER, District Judge.

Wenke, J.

Appellant Fay E. Williams, plaintiff below, brought this action in the district court for Morrill County to recover attorney's fees and court costs as damages on a bond given for a temporary restraining order. His motion for new trial having been overruled, he appeals from an order sustaining the motion of the appellees, Melvin V. Hallgren, Frank Thomas, and Charles A. Tolle, for a directed verdict. For convenience and clarity the appellant will herein be referred to as Williams; the appellee Melvin V. Hallgren, as Hallgren; and the appellees Frank Thomas and Charles A. Tolle, as sureties.

The record discloses that on October 11, 1932, the Emerson-Brantingham Implement Company, a corporation, obtained a judgment against Hallgren in the district court for Morrill County in the sum of $1,277.04 and costs. On October 29, 1943, this judgment was assigned to Williams. Thereafter, on November 13, 1943, Williams caused an execution to be issued on this judgment and levied upon certain personal property.

Subsequently, and apparently because of the execution being issued and levied, Hallgren brought an action in the district court for Morrill County against Williams, Archibald M. Webb, and Archibald M. Webb as sheriff of Morrill County. This action was filed on November 26, 1943. It sought to have the judgment entered in favor of the Emerson-Brantingham Implement Company and assigned to Williams decreed to be void and prayed that it be vacated, set aside, and canceled. It also sought to have the court declare that Williams was holding the judgment in trust for Hallgren and asked to have the amount determined, if any, to which Williams was entitled and that Hallgren be entitled to settle and satisfy the judgment upon the payment of that amount. It further asked that the defendants be enjoined from taking any action for the collection thereof and that they be restrained from

doing so pending further order of the court.

A temporary restraining order was issued on November 26, 1943, "* * * restraining the defendants, * * * from taking any steps or doing any act toward the inforcing or collection of a certain judgment entered in the District Court of Morrill County, Nebraska in favor of Emerson-Brantingham Implement Company, a corporation, and against Melvin V. Hallgren, and they and each of them are restrained from selling any property levied upon by execution issued upon the aforesaid judgment until further order of the court, * * *."

To put into effect this restraining order Hallgren, as principal, and his sureties executed their bond conditioned: "* * * that the said Melvin V. Hallgren shall pay to the defendants all damages which they or either of them may sustain by reason of said temporary restraining order if it be finally decided that the temporary restraining order ought not to have been granted." Without hearing, this temporary restraining order was kept in force until the case was tried on its merits.

The case was tried on its merits on January 3 and 4, 1944, and the court found that Williams neither held the judgment in trust for Hallgren nor was the judgment open to attack. It thereupon entered its decree holding the judgment to be valid and not subject to attack, dismissed Hallgren's petition, and dissolved the temporary restraining order. No appeal was taken therefrom.

We will neither set out nor discuss the court's findings on the petition of intervention of Theron R. Hallgren, special administrator of the estate of Lillian J. Hallgren, deceased, as it relates to the property levied upon, or the decree entered thereon as they are not material to the issues herein involved because the restraining order was entered on the application of Hallgren and not on the application of the intervener.

On July 29, 1944, Hallgren filed his petition seeking to obtain either a new trial or an order modifying the

decree entered by the court pursuant to the trial had on January 3 and 4, 1944. On March 27, 1945, the court denied Hallgren the relief asked but did enter an order modifying its former decree. This, on appeal, we held it did not have authority to do. See Hallgren v. Williams, 146 Neb. 525, 20 N. W. 2d 499.

If the appellant is entitled to recover we have held: "In an action on a bond to pay all damages resulting from a preliminary restraining order, if wrongfully granted, obligees may recover expenses incurred in procuring the dissolution of the order, including reasonable counsel fees, where liability therefor is properly incurred." Meeske v. Baumann, 122 Neb. 786, 241 N. W. 550. As stated in Gibson v. Reed, 54 Neb. 309, 75 N. W. 1085: "* * * Gibson was entitled to recover all the reasonable and necessary attorney's fees, costs, and expenses which he had sustained, or for which he had become liable, in resisting and attempting to discharge the injunction proceeding."

As to the right to maintain an action for damages in this type of case we have set forth the principles applicable thereto in Trester v. Pike, 60 Neb. 510, 83 N. W. 676, as follows:

"A restraining order not being one of the main issues of a case, damages in the way of attorney's fees for its wrongful issuance are limited to the expenses incurred in securing its dissolution, as distinguished from such expenses incurred in the trial of the principal issues involved.

"It is only where a trial of the principal issues involved is necessary to dispose of an injunction that attorney's fees for the trial of a case are proper to be allowed as damages caused by an injunction wrongfully issued.

"A recovery of counsel fees for the trial of a case will not be allowed as an element of damages for an injunction wrongfully obtained, if the injunction proceedings be only auxiliary to the main case."

As stated in Jameson v. Bartlett, 63 Neb. 638, 88 N.

W. 860: "The rule established by a multitude of decisions is that expenses necessarily incurred in obtaining a dissolution of the injunction may be recovered in an action on the bond, and that reasonable counsel fees are to be regarded as part of such expenses. But it is equally well settled that expenses paid or incurred for professional services in defending the main action are not ordinarily damages which the obligee of the bond has sustained by reason of the injunction. Bolling v. Tate, 65 Ala., 417; Elder v. Sabin, 66 Ill., 126; Alexander v. Colcord, 85 Ill., 323; Robertson v. Smith, 129 Ind., 422; Bullard v. Harkness, 83 Ia., 373; Aiken v. Leathers, 40 La. Ann., 23; Lamb v. Shaw, 43 Minn., 507; Hovey v. Rubber-Tip Pencil Co., 50 N. Y., 335; Newton v. Russell, 87 N. Y., 527; 16 Am. & Eng. Ency. Law (2d ed.), 469, note 1."

As stated in 43 C. J. S., Injunctions, § 315, p. 1103: "The rule has been laid down without qualification that, if the dissolution of an injunction results merely from the defense and trial on the merits and no effort to obtain such dissolution otherwise is shown to have been made, there can be no allowance for attorney's fees." And at page 1099: "Costs incurred in the main action are recoverable, if the injunction was the sole relief sought therein; but not if the injunction was a mere incident to such action, as least not unless the injunction rendered the trial of the action more difficult and expensive than it would otherwise have been."

Here no effort was made to vacate the restraining order, except as the trial of the main issues affected it. Therefore, we must examine the petition of Hallgren filed November 26, 1943, to ascertain if injunctive relief was its primary purpose or if only auxiliary thereto. In his petition Hallgren sets forth facts by which he claims the judgment is either void, or that Williams is the trustee thereof for Hallgren. He asks that the judgment be either vacated, set aside, and canceled or that the sum, if any, which Williams is entitled to so re-

ceive as trustee be determined and Hallgren be given the right to satisfy the judgment by the payment thereof. The prayer also asks that the defendants be enjoined from taking any action seeking to collect the judgment pending further order of the court.

It was stated in Hallgren v. Williams, *supra*: "The restraining order was issued to protect the property of the plaintiff from sale pending a determination of the validity of the judgment." The principal relief sought by Hallgren was to have the judgment either held to be void or to be held in trust by Williams. The injunctive relief asked was only in aid thereof. Its office was to hold the property in status quo while these issues were being determined.

In Iowa where similar rules are applicable that court stated in Chrisman v. Schmickle, 209 Iowa 1311, 230 N. W. 550: "The test generally applied in this state is to strike the prayer for injunction, and then ascertain from what is left whether a cause of action remains. Thomas v. McDaneld, 77 Iowa, 299."

Applying that test to the case at bar it becomes clear that the injunctive relief asked is only auxiliary to the main cause of action stated, that is, to have the judgment declared void or to have Williams declared trustee thereof for Hallgren.

We quoted in First Nat. Bank of Harvard v. Hockett, 2 Neb. (Unoff.) 512, 89 N. W. 412, the following: "In Leonard v. Capitol Insurance Company, 70 N. W. Rep. (Ia.), 629, it was held that in an action to vacate a judgment and to enjoin an execution thereon the injunction is merely incidental to the main relief sought." See, also, Jameson v. Bartlett, *supra*.

Of course, the proceeding on appeal to this court, reported as Hallgren v. Williams, *supra,* which had the effect of keeping the order of dissolution of January 4, 1944, in effect, stands in the same position. It gave no greater right than the order which it preserved.

We find the trial court's order sustaining the motion

for a directed verdict was proper and is therefore affirmed.

AFFIRMED.