763 N.W.2d 415 (2009)
277 Neb. 560
Loren W. KOCH, appellee,
v.
Ronald E. AUPPERLE and Mary Ann Aupperle, appellants, and Lower Platte South Natural Resources District, intervenor-appellee.
No. S-08-245.
Supreme Court of Nebraska.
April 10, 2009.
*417 Thomas E. Jeffers and Mathew T. Watson, of Crosby Guenzel, L.L.P., Lincoln, for appellants.
Stephen D. Mossman, of Mattson, Ricketts, Davies, Stewart & Calkins, Lincoln, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
HEAVICAN, C.J.

INTRODUCTION
Ronald E. Aupperle and Mary Ann Aupperle appeal the decision of the Cass County District Court limiting their damages to the amount of the supersedeas bond that Loren W. Koch had filed with the court when he sought an injunction against the Aupperles. The district court originally granted Koch's request for an injunction to prevent the Aupperles from constructing a small dam and pond across an unnamed tributary of Weeping Water Creek. This court reversed that decision and remanded the cause "with directions to vacate the injunction, dismiss Koch's verified complaint, and determine whether the Aupperles and [the Lower Platte South Natural Resources District] are entitled to recover damages or attorney fees as a result of the injunction issued below."[1]
The sole issue presented at this time is whether the Aupperles are entitled to more than the amount of the supersedeas bond. We reverse the decision of the district court and remand the cause for proceedings consistent with this opinion.

FACTS
The pertinent facts are contained in our prior opinion regarding this cause and need not be revisited in their entirety here. In short, however, the Aupperles had planned to build a dam across an unnamed tributary of Weeping Water Creek to create a small pond on their property, with the cooperation of the Lower Platte South Natural Resources District (LPSNRD). Koch, a downstream user of the waters from the tributary, sought and obtained an injunction to enjoin the construction and requested that the Aupperles be required to include a device that would allow water to pass through the dam.
Koch was required to post a bond under Neb.Rev.Stat. § 25-1067 (Reissue 2008). The district court set the bond at $1,000. The Aupperles subsequently moved to increase that amount under Neb.Rev.Stat. § 25-1073 (Reissue 2008). On July 25, 2005, during the hearing on the motion to increase the bond, the Aupperles argued that their building costs had gone up due to the delay. Koch argued that there was insufficient evidence to increase the bond. Koch and the district court both acknowledged that there were two exhibits already in the record, and the Aupperles did not introduce any additional evidence. The district court stated that it would consider the request based on the evidence before it, and it denied the request the next day.
*418 Upon the Aupperles' original appeal, this court held that Koch was not entitled to injunctive relief and reversed the judgment of the district court. The cause was remanded to determine whether the Aupperles and LPSNRD were entitled to damages or attorney fees. The district court cited Tracy v. Capozzi,[2] a Nevada case, in determining that the Aupperles could not recover more than $1,000, the amount of the original bond, unless they could show that Koch acted in bad faith. After finding that Koch had not acted maliciously or in bad faith in requesting the injunction, the district court limited recovery to the amount of the bond.
In its order, the district court stated that the Aupperles had clearly shown attorney fees and damages not less than $1,000. The district court then awarded costs to the Aupperles and LPSNRD, to be paid by Koch out of the bond. The Aupperles brought this appeal, contending that they were due the full amount of their damages and attorney fees under Neb. Rev.Stat. § 25-1079 (Reissue 2008). LPSNRD did not appeal from the district court's decision.

ASSIGNMENT OF ERROR
The Aupperles assign that the district court erred when it determined that their recovery of damages and attorney fees was limited to the amount of the supersedeas bond deposited with the court.

STANDARD OF REVIEW
[1] On appeal from an equity action, an appellate court tries factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the conclusion reached by the trial court.[3]
[2] Statutory interpretation is a matter of law in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below.[4]

ANALYSIS
At issue in this case is whether an enjoined party may recover more than the amount of the supersedeas bond should an injunction later be dissolved. Section 25-1067 states that a party cannot obtain an injunction unless the requesting party gives sufficient sureties "to secure to the party enjoined the damages he may sustain, if it be finally decided that the injunction ought not to be granted." Section 25-1079 provides for payment of damages out of the supersedeas bond, stating as follows:
Such supersedeas bond shall be executed on or before twenty days from the time of the order dissolving or modifying such injunction, shall be signed by one or more sufficient sureties to be approved by the clerk of the court, and shall be conditioned that the party or parties who obtained such injunction shall pay to the defendant, or defendants, all damages, which he or they shall sustain by reason of said injunction, if it be finally decided that such injunction ought not to have been granted.
This court has not yet addressed whether a party may recover more than the amount of the supersedeas bond.
*419 In its order, the district court noted that a majority of states limit recovery to the amount of a bond, if the temporary injunction is wrongfully granted.[5]Tracy, cited by the district court, outlines the reasoning of the majority:
[W]e find the majority view more compatible with public policy encouraging ready access to our courts. On balance, we find this public policy principle outweighs our concern for defendants facing inadequate bonds at the termination of a wrongful restraint. We must zealously protect the good faith pursuit of legal and equitable remedies from the deterrent certain to be posed by unknown liability for mistake.[6]
Thus, the majority view holds that ready access to the courts outweighs concern for the damages a wrongfully enjoined party may sustain. The Tracy court also points out that an enjoined party who feels that the bond is inadequate may move the court for an increase, something that is true under our statutes as well.[7]
[3] Conversely, the minority view holds that when damages result from a wrongfully granted injunction, the person who requested the injunction ought to pay all resultant damages.[8] This view has a commonsense appeal, as noted by the court in Tracy, because it places responsibility for damages on the party causing them, and it places the risk on the party requesting the injunction.[9]
[4, 5] The Aupperles urge us to adopt the minority view, contending that § 25-1079 requires that Koch pay "all damages" sustained from the grant of the injunction, an issue that the district court did not address. The Aupperles point out that other states have required those who obtained a wrongful injunction to pay all damages when there is a statute that conditions an injunction with payment of all damages.[10] While we note that there are states which have statutory language mirroring ours that side with the majority,[11] we find the reasoning of the minority of states more persuasive when paired with our own statutes. Indeed, we find our statutory language compels us to join the minority of states, as § 25-1079 clearly states that the party who "obtained such injunction shall pay ... all damages, which he or they shall sustain by reason of said injunction." We therefore find that all reasonable damages may be recovered by an enjoined party if the injunction was granted in error. Reasonable attorney fees incurred in dissolving the bond may also be recovered.[12]
We note that the Aupperles exhausted their statutory remedies by moving for an increase in the bond. Section 25-1073 allows a restrained party to move the court for additional security, "and if it appears that the surety in the undertaking has removed from the state or is insufficient," the court can either vacate the injunction or order an increase in the bond. In this *420 case, the Aupperles requested an increase in the amount of the bond, and it was denied.[13] We find that equity, as well as our statutory language and policies, requires a party requesting an injunction to pay for any damages caused by the injunction, as well as reasonable attorney fees.

CONCLUSION
[6] Pursuant to §§ 25-1067 and 25-1079, if an injunction is wrongfully granted, the party requesting the injunction is required to pay all damages and reasonable attorney fees to the enjoined party and is not limited to the amount of the bond. We reverse the decision of the district court and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] Koch v. Aupperle, 274 Neb. 52, 70, 737 N.W.2d 869, 882 (2007).
[2] Tracy v. Capozzi, 98 Nev. 120, 642 P.2d 591 (1982).
[3] Koch, supra note 1.
[4] Robertson v. School Dist. No. 17, 252 Neb. 103, 560 N.W.2d 469 (1997).
[5] See, 42 Am.Jur.2d Injunctions § 357 (2000); Annot., 30 A.L.R.4th 273 (1984).
[6] Tracy, supra note 2, 98 Nev. at 125, 642 P.2d at 595.
[7] See, § 25-1073; Tracy, supra note 2.
[8] See Tracy, supra note 2.
[9] See id.
[10] Corpus Christi Gas Co. v. City of Corpus Christi, 46 F.2d 962 (5th Cir.1931); Houghton et al. v. Grimes et al., 103 Vt. 54, 151 A. 642 (1930).
[11] See, Petrol Properties v. Stewart Title Co., 225 S.W.3d 448 (Mo.App.2007); DeSantis v. Wackenhut Corp., 793 S.W.2d 670 (Tex. 1990).
[12] Williams v. Hallgren, 149 Neb. 621, 31 N.W.2d 737 (1948).
[13] See, e.g., Tracy, supra note 2.